HILL H. WILSON *vs.* MINNESOTA FARMERS' MUTUAL FIRE INSURANCE ASSOCIATION.

November 29, 1886.

**Assignment of Error.**—An assignment of error that the court erred in denying a motion for a new trial is too general to be available.

**Fire Insurance—Incumbrances on Property Insured—Waiver.**—If, when an application for insurance is made in which the premises are represented as free from incumbrance, the insurer knew of an incumbrance upon the property, he will be deemed to have waived, as respects such incumbrance, a condition of the policy that misrepresentation in that respect should avoid the contract.

**Same—Knowledge of Agent.**—Knowledge of a fact received by an agent at a time when he is not acting as such, if actually had in mind by the agent when he subsequently acts for his principal, will, as respects that transaction, be imputed to the principal.

**Practice— Trial of Issue of Fact — Submission of Evidence without Objection.**—The court having submitted an issue of fact to the jury upon evidence assumed to have been directed to that fact, and no excep-

tion having been taken, nor any suggestion made that the subject referred to in the evidence was not shown to be identical with the subject in issue, it is too late upon appeal to assign that as error on the part of the court.

The plaintiff brought this action in the district court for Douglas county, upon a policy of insurance issued by the defendant. In its answer the defendant pleaded that the applicant for the insurance falsely represented that the property was unincumbered, whereas in fact it was mortgaged. The reply, as amended on the trial, alleged that at the time of making the insurance the defendant had knowledge of the existence of the mortgage. The action was tried before *Collins,* J., and a jury, and plaintiff had a verdict. Defendant appeals from an order refusing a new trial.

*Nelson, Reynolds & Treat,* and *Bruckart & Reynolds,* for appellant.

*Clapp, Woodard & Cowie,* for respondent.

DICKINSON, J. The appellant's first assignment of error is that the court erred in denying defendant's motion for a new trial. This is too general, and is of no avail. It is no assignment of error, within the meaning of the rule which contemplates a specification of the errors by reason of which the appellant asks a reversal of the order or judgment appealed from.

The second assignment of error cannot be sustained. Under the amendment made to the reply during the trial, it was competent for the plaintiff to show that the agent of the defendant knew, at the time the application was made, that the property was incumbered. The defendant, if chargeable with knowledge of the fact, would be deemed to have waived the conditions of the policy making a misstatement as to such fact to avoid the insurance. *Shafer* v. *Phœnix Ins. Co.,* 53 Wis. 361, (10 N. W. Rep. 381;) 1 Wood, Fire Ins. § 90. If the agent, although not acting as such when the information was communicated to him, retained a recollection of the fact, and had it in mind when effecting this insurance, such knowledge would affect the principal. *Lebanon Savings Bank* v. *Hollenbeck,* 29 Minn. 322, (13 N. W. Rep. 145;) Wade on Notice, § 687, and cases cited. The evidence that a few days before the insurance the assured informed the agent who afterwards effected the insurance of the existing incum--

v.36M—8

brance was therefore admissible, even though that alone were deemed insufficient to charge the defendant with notice.

When the exception referred to in the third assignment of error was taken, the court qualified the instruction excepted to, and to the instruction as thus qualified no exception was taken.

It was admitted by the pleadings that when the insurance was effected there was a mortgage upon the property for $800 and interest, given to the Dundee Mortgage Trust Investment Company. The only evidence of notice to the agent of an existing incumbrance referred to a mortgage of $850 in favor of MacMaster, in Fergus Falls. It was not shown that these different designations referred to and were the same mortgage. The fourth assignment of error rests upon the fact that no such identity was shown. The point is, in substance, that the court erred in submitting to the jury the question as to whether the defendant had notice of the Dundee mortgage. As to this it is enough to say that the court submitted the case to the jury as though the mortgage designated in the pleadings, and that to which the evidence related, were the same. No suggestion was then made that such was not the fact, no exception was taken to the instruction in this respect, and it is now too late to assign this as error on the part of the court.

The assignment of errors contains no other specifications than those to which we have referred, and the order refusing a new trial is affirmed.