KAREN MARIE FREDERICKSEN *vs.* SINGER MANUFACTURING COMPANY.

April 30, 1888.

**Appeal—Assignments of Error.**—Certain assignments of error disregarded because of insufficiency. Following *Wilson* v. *Minn. Farmers, etc., Ins. Ass'n,* 36 Minn. 112, and *Duncan* v. *Kohler,* 37 Minn. 379.

**Conditional Sale—Vendor's Right to Retake Property on Default—Liability for Use of Violence.**—In an instrument whereby plaintiff's husband leased of defendant corporation a sewing-machine, there was a clause providing that, in case he defaulted in payments, said defendant or its agent might, "with or without process of law, take actual possession thereof; and for that purpose, or to search for the same, may enter any premises of mine, or to which I may have access, using such force as may be necessary." *Held* not to authorize an assault by one of defendant's agents upon plaintiff, and the use of physical force to hold and restrain her while another agent removed the machine from the lessee's dwelling.

The evidence in the case examined, and *held* sufficient to justify the verdict.

Appeal by defendant from an order of the district court for Hennepin county, *Hicks,* J., presiding, refusing a new trial after a verdict of $500 for plaintiff.

*W. H. Donahue* and *Merrick & Merrick,* for appellant.

*Robert Christensen,* for respondent.

COLLINS, J.   In disposing of this case, we decline to notice appellant's assignments of error numbered 1, 2, 4, and 5, because each is clearly insufficient, under the rules laid down in *Wilson* v. *Minn. Farmers', etc., Ins. Ass'n,* 36 Minn. 112, (30 N. W. Rep. 401,) and *Dun-*

*can* v. *Kohler*, 37 Minn. 379, (34 N. W. Rep. 594.)   The first, which is stated as "error in admitting incompetent, immaterial, and irrelevant evidence against objection," is a fair example of the others, and falls far short of indicating to the court, or to the opposing counsel, the specific error relied upon; that is, *what* testimony offered and received was incompetent or immaterial or irrelevant.   The third assignment is not in much better form, but is best disposed of by saying that, if the court erred in refusing to dismiss when plaintiff rested her case, (we do not wish to be understood as intimating that it did,) the alleged deficiency in the testimony was subsequently supplied by the defendant, and the erroneous ruling rendered immaterial.   *Keith* v. *Briggs*, 32 Minn. 185, (20 N. W. Rep. 91,) and cases cited.

In passing upon defendant's sixth assignment of error, we can say that, briefly stated, the complaint sets out the incorporation of defendant under the laws of the state of New Jersey; that it is doing business in the state of Minnesota; and that, upon plaintiff's premises in this state, said defendant, by its agents and servants, wilfully and wantonly assaulted and beat plaintiff, to her great damage. The answer, after traversing in a general way, denies that defendant is incorporated under the laws of the state of New Jersey; denies that, by its agents or otherwise, it committed the assault mentioned; and, for a further defence, alleges that whatever was done was under license and authority granted by plaintiff to the persons who did the same; and that, if any acts of violence were committed, the persons engaged therein were in peaceful execution of said license, had authority so to do, and that the violence used was simply sufficient to meet and repel an unlawful assault then made upon them by plaintiff.   A more conspicuous instance of the negative pregnant in pleading than is found in this answer cannot well be conceived; but we construe it—as did the trial court, no doubt—as admitting that the defendant, by its servants and agents, entered upon plaintiff's premises under authority so to do, and that their acts upon said premises were justified by the terms of a license under which they were proceeding, or by reason of an unwarranted assault made upon them by plaintiff, which they simply repelled.   It might also be construed as admitting the alleged incorporation; but it is wholly immaterial

whether or not defendant is a corporation. From the exhibit which defendant introduced in evidence, it is obvious that it was an association of individuals, doing business under a common name; and this is sufficient for the purposes of this action, be it corporation, or be it a partnership. *Holbrook* v. *St. Paul Fire & Marine Ins. Co.,* 25 Minn. 229.

The testimony clearly disclosed that the two men Healey and Jones were in defendant's employ,—the latter as a collector in the territory within which the assault is alleged to have been committed, the former, elsewhere. That Jones requested Healey to go with him. That they acted in concert; Healey, with whom plaintiff had no acquaintance, going in advance, and gaining admission to plaintiff's dwelling by representing himself as a neighbor desiring to purchase property in the vicinity, and, later, as wishing to hire or buy a sewing-machine. It also strongly tended to show, and the jurors were warranted in believing, that Healey made three distinct assaults upon plaintiff,—one before Jones came into the house; another when the latter seized the machine; and the third in the street, when plaintiff attempted to prevent the loading of the machine into Jones's wagon. These assaults were not specially injurious, but were of a character deserving of severe denunciation, and were committed in furtherance of a scheme, undoubtedly concocted before either of the men entered the house, to forcibly or otherwise obtain possession of the machine in question. The license pleaded in the answer, and received in evidence, did not warrant any such transaction.

This brings us to a consideration of the legal effect of the exhibit, which is of the kind generally termed a "machine lease," executed by plaintiff's husband, whereby he leased of defendant the machine which was the cause of the assault complained of, and which was carried off by the two persons mentioned, as defendant's agents, at the conclusion of the said assault. Among other conditions was one that the lessee should, in case he defaulted in his payments, return the machine to defendant, or it might, by its agent, "with or without process of law, take actual possession thereof; and for that purpose, or to search for the same, may enter any premises of mine, or to which I may have access, using such force as may be necessary."

Surely this permit gave no authority to defendant's agent to assault the plaintiff, and by force restrain her while another agent shouldered the machine, and carried it out of her dwelling. The authority embodied in the lease, and above quoted, could only be used in mitigation of the offence as a justification of the original entry upon the premises. An assault under such circumstances, after an authorized entry into a dwelling-house, might well be considered by the jury as of a more excusable character than one committed by an absolute trespasser.

As we have refused, for the reasons heretofore given, to review any part of the charge except that portion bearing upon the effect of the license found in the lease, it only remains for us to say that the amount of damages allowed by the jury does not seem excessive, nor the result of improper feeling or motive, and therefore cannot be disturbed. *Du Laurans* v. *First Div., etc., R. Co.*, 15 Minn. 29, (49.)

Order affirmed.