STATE OF MINNESOTA *vs.* THEODORE L. HAYS and another.

June 5, 1888.

**Justice of the Peace—Criminal Jurisdiction.**—Jurisdiction in criminal cases is not conferred by the terms of section 3, chapter 386, Sp. Laws 1887, upon the justices of the peace elected in the city of Minneapolis by virtue of section 1 of the same act.

**Appeal—Assignment of Error.**—Assignment of error in this case *held* insufficient to permit a consideration of the claim that a "dramatic performance" is not prohibited by section 227, Penal Code.

Defendants were tried and convicted in the district court before *Hicks*, J., on an indictment for "the crime of Sabbath-breaking," in exhibiting a dramatic performance at the People's theatre in Minneapolis. They appeal from an order refusing a new trial.

*Weed Munro*, for appellants.

*Moses E. Clapp* and *F. F. Davis*, for the State.

COLLINS, J. The defendants were tried and convicted in the district court for Hennepin county, upon an indictment charging the crime of Sabbath-breaking. To the indictment they interposed a plea of *autrefois convict*, and upon trial offered in evidence the record of their conviction of the offence mentioned in the indictment in a justice's court in the city of Minneapolis. To the introduction of such record the state objected, upon the ground that a justice of the peace of said city had no criminal jurisdiction. The objection was sustained by the court, and the propriety of this ruling is the only question now before us.

Through section 22, chapter 141, Sp. Laws 1874, justices of the peace in the city of Minneapolis were deprived of criminal jurisdiction, and it is conceded that the justice before whom the former conviction was had, and whose proceedings defendant attempted to introduce in evidence, has no jurisdiction in this or any other criminal case, unless such jurisdiction is conferred by virtue of section 3, chapter 386, Sp. Laws 1887, which reads as follows: "The said justices * * * shall have jurisdiction of all civil suits involving one hundred dollars ($100) or less, and their jurisdiction and practice shall be the same as all justices of the peace in the state of Minnesota, being regulated by the General Laws, revision of * * * (1878:) provided, their jurisdiction shall not extend to any person outside of the city limits," etc. The duties of a justice in civil as well as criminal cases are such as the legislature may prescribe, within certain limits fixed by section 8, article 6, of the constitution. It does not follow that, because he is authorized to try one class of cases, that he may try all within the constitutional limitation; nor, in view of the plain provisions of the act creating a municipal court before referred to, should a jurisdiction be conferred upon a justice not clearly and in unambiguous language granted to him. That he shall have juris-

diction in all civil cases, where no more than $100 is involved, seems clear, if we treat that part of the section relating to jurisdiction, practice, and the regulation thereof as applicable to criminal actions only. Such a construction, however, would be forced and unnatural. It would leave that which immediately precedes it open to the objection that the justice is given the power to try a cause involving the title to real estate, (which is prohibited by the constitution,) as well as those cases mentioned in the last two subdivisions of section 6, chapter 65, Gen. St. 1878. Such a result was not contemplated by the law-making power; and we are constrained to hold that the purpose of the somewhat obscure language of part of section *3* is to restrict the authority previously given in all cases where no more than $100 was involved, and to regulate the practice and limit the jurisdiction in civil actions substantially as in section 6 and other sections of that part of chapter 65, *supra*, which bear upon like cases.

There is no assignment of error which will permit the consideration of appellants' point that section 227, Penal Code, does not prohibit a "dramatic performance" upon the Sabbath day.

The only assignment not already disposed of is that the court erred in denying defendants' motion for a new trial; wherein is not specified. This is clearly insufficient, where, as in this case, the motion for the new trial is made upon several distinct and independent grounds. See *Wilson* v. *Minn. Farmers' Ins. Assn.,* 36 Minn. 112, (30 N. W. Rep. 401.)

Order affirmed.