## W. F. MAIN *vs.* JOHN O. OIEN.

### August 7, 1891.

**Factor—Contract that Goods not Sold or Returned within 30 Days be Deemed Sold to Factor.**—Goods being consigned by plaintiff to defendant to sell on commission, under a contract specifying 30 days as the period for making such sales, and that all goods not returned "at the expiration" of that time, with express charges prepaid, should be treated as sold to the defendant, *held*, that the factor (defendant) was entitled to a reasonable time after the lapse of the 30 days to return the goods.

**Same—Return in Reasonable Time—Payment of Express Charges.**— That if the goods were returned by express within a reasonable time, without the prepayment of express charges, the factor would substantially comply with his obligation, if, within the period during which he might return the goods, he were to remit to the principal the money necessary to pay the express charges; and he would be excused even from thus sending the money, if the principal informed him that he would not receive it.

**Charge of Court—Insufficient Exception.**—An exception to a portion of the charge of the court, embracing several distinct propositions, some of which are unobjectionable, is not well stated.

Appeal by plaintiff from an order of the district court for Waseca county, *Buckham,* J., presiding, refusing a new trial after verdict for defendant, in an action to recover $66.45 for jewelry sold and delivered.

*Sawyer, Abbott & Sawyer,* for appellant.

*L. D. Rogers,* for respondent.

DICKINSON, J. Action for goods alleged to have been sold to the defendant. The goods were ordered by the defendant in response to a circular addressed to him by the plaintiff, wherein he proposed to send goods "to be sold on commission.  *  *  *  Patrons must prepay express charges on all goods returned.  *  *  *  *All goods not returned to us at the expiration of the time which we list them to you, with express charges prepaid, we will charge to your account,* and send you a statement. You can then remit us our share of the money." The defendant having ordered the goods on the terms proposed, the

same were sent with a letter of advice, in which it was stated that they "are listed to you on 30 days and 30 per cent. commission on sales. * * * We send the above goods in accordance with the terms of our circular letter. * * *" The goods were received by the defendant on the 17th day of October. After having sold a small part of them, he shipped the remainder to the plaintiff by express, on the 18th day of November, with the price of the goods sold, less the specified commission. The express charges were not prepaid, but afterwards (and, as it seems, on the following day) the defendant sent to the plaintiff by letter 22 cents to pay the express charges, he supposing that sum to be sufficient for that purpose. In fact, the charges were 45 cents. The plaintiff refused to accept the goods or the money so sent, and now seeks to recover as for goods sold. The jury returned a verdict for the defendant. A determination of the proper construction and effect of the contract, as respects the time when the goods should have been returned, and as to the payment of express charges, will be decisive of the questions presented on this appeal, which arise principally on exceptions to the charge of the court.

There is no dispute as to the terms of the contract. They are expressed in the circular letter, supplemented by the letter sent at the time of shipment, from which we have recited all that need be now considered. The property was sent to the defendant to be sold on commission during the period of 30 days, with the express condition that all goods not returned "at the expiration" of that period should be charged to the defendant; that is, as to such goods the title should become vested in the defendant, who should remit the plaintiff's "share of the money" as the purchase price. There is room for controversy as to whether the contract contemplated a return of the unsold goods *within* the period named, or *after the expiration of that period*. We think that the latter alternative expresses the proper interpretation of the contract. The circular letter or proposal was to send goods to be sold on commission, and which the plaintiff proposed to "list" to the defendant for some period of time, to be specified. The letter sent with the shipment says: "These goods are listed to you on 30 days, and 30 per cent. commission on sales." That means that the

goods were consigned to the defendant for sale on commission during the specified period of 30 days. He had the right to sell the goods on commission during the whole of that period. "At the expiration of the time" specified, he was to return all goods unsold, or, in the event of his failure to do so, he was to be charged as a purchaser. Read in connection with the rest of the contract, giving the defendant 30 days for making sales on commission, this must mean that if, when the 30 days shall have expired, the consignee should not then return so much of the property as remained unsold, it should be charged to him as a purchaser. As this was not to be done until *after* the lapse of the time specified, the contract did not fix the exact time when or within which it was to be done, and the law would require it to be done within such brief period of time as should be found to be reasonable under the circumstances. The consignee was not bound to reship the goods at the very commencement of the thirty-first day after he had received them. There is no precise rule of law even requiring him to do so on that day. No other rule can be applied than that requiring reasonable promptness. The charge of the court upon this feature of the case was in accordance with this construction of the contract, and the exceptions were not well taken.

The appellant's fourth and fifth assignments of error relate to the instructions of the court as to the effect of the failure of the defendant to prepay the express charges. The former of these assignments cannot be sustained, for the reason that the exception was taken indiscriminately to a portion of the charge embracing several—at least two—distinct propositions, and not particularly to the only proposition which can well be claimed to have been erroneous.

The fifth assignment relates to a part of the charge wherein it was said, in substance, that the defendant was not obliged to remit the unpaid part of the express charges, if the plaintiff had given him to understand that he would not receive it. A similar proposition was embraced in the exception referred to in the former (fourth) assignment of error. It is claimed that there was no evidence justifying such a charge, or going to show that the plaintiff had informed the defendant that he would not receive the repayment of the unpaid part of the express charges. Of this, it is enough to say that it does not

appear that there was not such evidence. Hence it does not appear that the instruction was erroneous. The case is not certified to contain all the evidence, and it is even apparent from the case itself that it does not contain it all. If the evidence was such (as it may have been) as to justify the conclusion that within a reasonable time after the lapse of the 30 days the defendant returned the goods, and was informed by the plaintiff that he would not receive the money for expressage, the neglect of the defendant for that reason to send it did not prejudice his case. While the contract required him to prepay express charges, it would constitute a substantial compliance with this requirement if, the goods being sent without prepayment and being actually forwarded to their destination, the defendant had at once, and within the reasonable time allowed for the return of the goods, remitted the amount of the express charges to the plaintiff, so that he could have taken that money to pay the charges. It would be substantially equivalent to prepayment. And if the plaintiff indicated to the defendant that he would not receive the money, so that it would be useless to send it, that would excuse the defendant from sending it. Hence we consider that the case does not justify the conclusion that the court erred in its instructions.

Order affirmed.