*In re* WM. H. A. GRANSTRAND, a **Minor.**

Argued April 12, 1892.   Decided May 3, 1892.

Certain assignments of error *held* insufficient, because not indicating the specific errors asserted.

The petition *held* to state facts sufficient to entitle a ward to have set aside an order of the probate court authorizing his guardian to invest his money in a certain real-estate mortgage.

Appeal by Peter J. E. Clementson, guardian of William H. A. Granstrand, from an order of the District Court of Hennepin County, *Hicks,* J., made September 19, 1891, denying him a new trial.

Mr. Clementson was on March 5, 1880, appointed by the Probate Court of Hennepin County guardian of the person and estate of William H. A. Granstrand, a minor, then seven years old.  As such guardian, he, on March 23, 1881, received $1,821.72 belonging to his ward.  On an accounting had in said Probate Court on January 25, 1887, it was found that the guardian then had in his hands $1,718.44 of this, belonging to the ward.  He, on that day, petitioned the Probate Court for permission to loan this money to Charles A. Bloomquist, upon first mortgage security on lots one, (1,) two, (2,) three, (3,) and four (4) in block one, (1;) lot six (6) in block three, (3;) and lot twenty-four (24) in block four, (4,)—in Bloomquist & Houghton's Addition to Minneapolis.  The interest to be eight per cent. per annum, payable semiannually.  The court ordered the petition to be heard on February 14, 1887, and caused notice thereof to be served on Martha Granstrand, the mother and only next of kin of the minor, ten days before the hearing.  On the day appointed, the Probate Court made an order approving the loan, and in the order further stated as follows:

"It appearing that said Clementson has taken a mortgage running to himself for said amount to secure said sum, for which a note has been given to him by the owner of said lots, Charles A. Bloomquist, and also coupon notes for the payment of eight per cent. interest per annum, payable semiannually, said note and mortgage being

dated January 29th, 1887, and having been taken by said Clementson with a view of thereby securing an investment of said money of his ward, it is ordered that said guardian may assign the said mortgage and transfer said note and coupons to his said ward in making the above authorized investment, instead of taking original note and mortgage to the ward."

On September 24, 1889, Clementson presented in the Probate Court his account as guardian, and asked that it be examined, settled, and allowed. An order was made appointing October 14, 1889, for the hearing thereon, and notice was given the next of kin and all persons interested by publication of the order for two weeks. On the day appointed, the hearing was had. The guardian was charged with the interest to maturity of the mortgage, $413.19, and credited with board for his ward, taxes paid, and his own services, $396.94, and the account was settled and allowed.

On September 2, 1890, the ward, then seventeen years of age, presented in person his petition to the Probate Court, stating that Clementson had ceased to act as his guardian, and had deposited in that court the Bloomquist note and mortgage. He further charged that on December 7, 1885, Clementson sold to Bloomquist a stock of boots and shoes for $2,733.34, and took his notes and a mortgage for that sum on thirty-two lots in said Addition; that on January 27, 1887, he induced Bloomquist to take up the old and give him two new notes and mortgages for the debt, dated that day, one for $1,718.-44, on six of the lots, and the other for $1,014.90, upon the remaining twenty-two lots; that not a dollar of the ward's money was loaned to Bloomquist or invested in the mortgage; that the lots were unimproved, situate in low, swampy ground, produced no income, and were worth no more than $50 each; and that Bloomquist was and long had been insolvent. He asked that the order permitting Clementson to make the loan of his money on those six lots be set aside, and that the guardian be required to account to the court for the money he had so pretended to invest.

The Probate Court at once cited the guardian to be and appear before it on October 13, 1890, and show cause why the ward's petition should not be granted. Clementson appeared, and an investiga-

tion was had and, evidence taken, and on December 3, 1890, that court found the facts to be as stated in the ward's petition, and that Bloomquist had not paid any interest on this note and mortgage; that Clementson had himself advanced the money as the coupons on the note fell due, and had cut them off and held and owned them; that the court had never made any order discharging him from his office of guardian or relieving his sureties. The order of February 14, 1887, was thereupon vacated and set aside, and the guardian required to account for the ward's money, with interest at seven per cent., computed with annual rests.

The guardian appealed from this order to the District Court of Hennepin County. Certified copies of all the records and files were on April 15, 1891, filed in that court. The minor appeared in that court, and on June 27, 1891, prayed that George R. Robinson, Esq., be appointed his guardian *ad litem*, and he was so appointed. The appeal came on for trial June 30, 1891. It was shown by Clementson that the Minnesota Loan & Trust Company had been on January 20, 1890, appointed by the Probate Court the guardian of the estate of said minor, but had since resigned. He moved to dismiss the proceedings on the ground that, when they were commenced, the Trust Company was guardian of the minor's estate, and the minor himself was incapable of appearing in court in person for the purpose; his guardian should have appeared for him; and on the further ground that the minor's petition filed in the Probate Court September 2, 1890, failed to state facts sufficient to constitute a cause for vacating the order to invest the ward's money. The court denied the motion, and Clementson excepted. The parties submitted their evidence, and the court made findings of fact substantially as stated in the minor's petition, and further found that the suppression by Clementson of the facts in regard to his interest in the Bloomquist mortgage was a fraud upon the Probate Court, and affirmed the decision of that court, with costs. Clementson then made a motion for a new trial. This was denied, and he appealed to this court, and assigned errors as follows:

1. The District Court erred in overruling appellant's motion to dismiss the proceeding on the ground that the minor's petition failed to state facts sufficient to entitle him to the relief he asked.

2. The court also erred in overruling appellant's objection, on the same ground, to the introduction of any evidence.

3. The court also erred in overruling the frequent objections of appellant to the admission of testimony on the ground that it was incompetent, and not admissible under the minor's petition.

4. The court erred in affirming the order of the Probate Court.

5. The court erred in denying appellant's motion for a new trial.

*O. Mosness* and *C. C. Joslyn,* for appellant.

Under Probate Code, §§ 27, 29, (Laws 1887, ch. 67,) the guardian obtained an order of the Probate Court to change the funds in his hands into a first mortgage on real estate. This was an adjudication of a court of record having jurisdiction both of the subject-matter and of the parties, and is of the same force as any other judgment. It is assumed in the petition that a fraud was practiced upon the Probate Court in obtaining the order to make the investment. This adjudication could properly be set aside if obtained by fraud, but there is not a single allegation of fact in the petition to establish fraud.

The Probate Court may, under the statute, on application of the guardian, invest the ward's money in real estate or in any other beneficial manner, and may give such directions as may be needful. An order for investment thus obtained protects the guardian, even if misfortune follows. *Guardianship of Cardwell,* 55 Cal. 137; *Newman* v. *Reed,* 50 Ala. 297; *O'Hara* v. *Shepherd,* 3 Md. Ch. 306; *Carlysle* v. *Carlysle,* 10 Md. 440; *Hoyt* v. *Sprague,* 103 U. S. 613; *Slauter* v. *Favorite,* 107 Ind. 291.

*Geo. R. Robinson,* for respondent.

The petition of the minor showed that his guardian had petitioned the Probate Court for leave to make an investment of his ward's money; that he did not intend to make any such investment of his ward's money, but that he intended to substitute for his ward's money a security he then had, and of which he was the owner; that he was interested in the transaction adverse to the interests of his ward. It showed that the guardian did not in fact invest his ward's money

This was sufficient, if true, to authorize the Probate Court to purge its record of a fraud. It had power to act of its own motion without petition. Probate Code, § 137, subd. 3.

Minors and their interests are the especial care of the courts, and in all cases of fraud the courts will go to the substance rather than the form in protecting the rights of minors. *Lockhart* v. *Philips,* 1 Ired. Eq. 342; *Hill* v. *McIntire,* 39 N. H. 410; *Sherman* v. *Brewer,* 11 Gray, 210; *Seguin's Appeal,* 103 Pa. St. 139; 2 Kent, Comm. 230.

The fact that the guardian was interested in the transaction was sufficient to authorize the court, and it was its duty, to set aside the order. The district court was right in affirming it. *De Peyster* v. *Clarkson,* 2 Wend. 77; Hill, Trustees, 584, note; *Hayward* v. *Ellis,* 13 Pick. 272.

MITCHELL, J. The greater part of counsel's argument was devoted to the alleged insufficiency of the evidence to support the findings of fact. That question is not presented by any proper assignment of error. According to repeated rulings of this court, the third, fourth, and fifth of assignments are too general to be availing, because not indicating the specific errors asserted. *Wilson* v. *Minnesota Farmers' Mut. Fire Ins. Ass'n,* 36 Minn. 112, (30 N. W. Rep. 401;) *Duncan* v. *Kohler,* 37 Minn. 379, (34 N. W. Rep. 594;) *Fredericksen* v. *Singer Mfg. Co.,* 38 Minn. 356, (37 N. W. Rep. 453;) *State* v. *Hays,* 38 Minn. 475, (38 N. W. Rep. 365;) *Stevens* v. *City of Minneapolis,* 42 Minn. 136, (43 N. W. Rep. 842;) *Smith* v. *Kipp, ante,* p. 120, (51 N. W. Rep. 656.)

The only question open to the appellant under his assignments of error is as to the sufficiency of respondent's petition,—whether it states facts sufficient to entitle the petitioner to the relief prayed for, to wit, to set aside the order of the probate court authorizing the appellant, as guardian, to lend his ward's money on mortgage upon the real estate referred to. On this point there can be no doubt. It is alleged, in substance, that when appellant applied for and obtained this authority he himself had a mortgage on the land, and that his purpose and object (afterwards carried into effect) were, not to invest

his ward's money by actual loan, but to unload upon the ward his own mortgage, which was wholly inadequate security. He was so interested in the transaction that it was in law a fraud on the ward, unless his interest was at the time fully disclosed to the probate court, the burden of showing which, as a matter of defense, was upon the appellant. While not involved in the consideration of the sufficiency of the petition, we may remark that the order of the probate court falls very far short of showing that the real nature and extent of appellant's interest in the transaction were disclosed to that court. It does perhaps show that the court supposed that pending the application for the authority to make the loan, and in anticipation of its being granted, the appellant had, with a view of securing an investment for the money of his ward, taken a mortgage on the property running to himself.

But making a new or original loan in this way was a very different matter from merely taking a new mortgage in renewal of an old mortgage of his own. Had the probate court been advised of this latter fact, it might well have investigated the matter more carefully, and finally refused to authorize the investment.

Order affirmed.

(Opinion published 52 N. W. Rep. 41.)