MICHAEL KEOUGH v. GUSTAVE C. WENDELSCHAFER.

July 15, 1898.

Nos. 11,158—(181).

**Appeal—Denial of New Trial—Assignment of Error.**

Where a motion for a new trial is made on several separate grounds, an assignment of error to the effect that the court erred in denying the motion raises no question for review.

**Services Rendered by County Auditor to County Treasurer—Charge of Court—Implied Promise to Pay.**

This was an action to recover for services in making certain tax apportionments and statements rendered by the plaintiff to the defendant in connection with their quarterly settlements while they were county auditor and treasurer, respectively. The trial court refused to give this instruction: "If, at the time the plaintiff performed the services in connection with the making of settlements between the auditor and the treasurer for which he seeks to recover in this action, he did so under the belief, mistaken or otherwise, that the performance thereof was a part of his duties as county auditor, and the performance thereof was permitted by the defendant under the belief, mistaken or otherwise, that the performance of such services was a part of the duties of the auditor, the plaintiff cannot recover in this action for the value of such services." *Held,* that the law will not imply a promise to pay for the services contrary to the intention of the parties, and that the refusal was error.

Action in the district court for Le Sueur county to recover $408 for services rendered for defendant at his special instance and request. The cause was tried before Cadwell, J., and a jury, which returned a verdict of $383.84 in plaintiff's favor. From an order denying defendant's motion for a new trial, he appealed. Reversed.

*C. R. Davis* and *W. C. Odell,* for appellant.

A contract between the county treasurer and the county auditor whereby one is to perform duties which the law imposes on the other, is void, as against public policy, because the law designs one office to be a check on the other to a certain extent. Peterson v. Christensen, 26 Minn. 377.

Nothing is better settled in the law than that where services are rendered by a party without any purpose of demanding compensation, and are accepted by the party receiving the services with that understanding, no claim can thereafter be preferred therefor. Morris v. Barnes, 35 Mo. 412; 14 Am. & Eng. Enc. 768; Potter v. Carpenter, 76 N. Y. 157.

*Thos. Hessian,* for respondent.

The question as to the validity of the contract was not raised in the trial court, and should therefore not be considered by the supreme court. Woodbridge v. Sellwood, 65 Minn. 135; Maxwell, Code Pl. 445; Abbott, Trial Ev. 789; Goss v. Austin, 11 Allen, 525; White v. Western Assur. Co., 52 Minn. 352.

START, C. J.

The plaintiff and defendant, from March, 1891, to November, 1894, were auditor and treasurer, respectively, of the county of Le Sueur. The plaintiff claims that during the time stated he made apportionments of the taxes collected to the respective funds to which they belonged, at the March, June and November settlements for each year, and delivered statements thereof to the defendant, which he accepted and used in the discharge of his official duties as treasurer. This action was brought to recover the value of the services so rendered. Verdict for the plaintiff for $383.84. The defendant made a motion for a new trial on the ground of (a) errors of law; (b) that the verdict is not justified by the evidence and is contrary to law;

73 M.—23

(c) excessive damages, appearing to have been given under the influence of passion and prejudice; and appealed from an order denying the motion.

1. The defendant here urges that the verdict is not justified by the evidence, but there is no assignment of error raising this question. The only error assigned at all suggestive of this question or the question of damages, is the sixth, which is in these words: "The court erred in denying the defendant's motion to set aside the verdict and for a new trial." The motion however was made upon three separate and distinct grounds. Therefore the sixth assignment raises no questions for our consideration. Wilson v. Minnesota F. M. F. I. Assn., 36 Minn. 112, 30 N. W. 401.

2. The defendant requested the court to instruct the jury that—

"If, at the time the plaintiff performed the services in connection with the making of settlements between the auditor and the treasurer for which he seeks to recover in this action, he did so under the belief, mistaken or otherwise, that the performance thereof was a part of his duties as county auditor, and the performance thereof was permitted by the defendant under the belief, mistaken or otherwise, that the performance of such services was a part of the duties of the auditor, the plaintiff cannot recover in this action for the value of such services."

This was refused and no equivalent given, and the defendant assigns such refusal as error.

This request is based upon the hypothesis that the auditor performed the services in question in the mistaken belief that they were a part of his official duties, and that the treasurer accepted them believing that the auditor, in performing the services, was discharging his own official duties, and not those of the treasurer. The result or product of such services was in the form of public records, which could not be returned and the parties placed in statu quo. The evidence warranted the giving of the request, if it was legally correct.

We are of the opinion that it was. The law will not imply a promise to pay for the services contrary to the intention of the parties when they were rendered, although they subsequently learned that they were mistaken in the law as to their respective official duties. There could have been no intention on the part of the

auditor to charge for performing his own official duties, nor on the part of the treasurer to pay for such services. We are not dealing with services rendered by one private party for another, where the product of the services might have been returned when the mistake was discovered. What the law would be in such a case we need not and do not decide. It was reversible error to refuse the request.

3. The defendant further claims that any contract between a county auditor and a county treasurer, whereby the one is to discharge for the other any of his official duties, is void, as against public policy. It is not clear that this question was raised in the court below. The plaintiff claims that it was not, but, as there must be a new trial for the error already pointed out, it is proper to suggest, with reference to such trial, that the two offices in many essential respects are incompatible and so treated by the statute. The same person cannot hold both offices. G. S. 1894, §§ 714, 725. Many of the statutory provisions relating to the offices of county auditor and treasurer, respectively, are intended as checks and safeguards to prevent collusion between the officers, and to insure accuracy and honesty in the performance of their official duties, whereby the safety of the public funds may be secured. If these provisions of the statute are strictly observed, and each office keeps a check upon the other, a defalcation in either would be promptly discovered; but, if each officer be permitted to discharge the official duties of the other, all checks and safeguards will be broken down, affording opportunities for collusion, fraud and defalcation in the respective offices. The direct tendency of any contract between the auditor and treasurer, whereby the one is to perform the official duties of the other, would be to defeat the wise purposes of the statute, and to invite collusion and fraud in the discharge of the duties of the respective offices, and therefore such a contract would seem to be void, as against public policy.

Order reversed.