STATE v. CARL VEEK.[1]

June 14, 1900.

Nos. 12,200—(16).

**Bastardy Proceedings—Verdict Sustained by Evidence.**

Evidence considered, and *held* sufficient to support the verdict of the jury convicting defendant of the paternity of a bastard child.

**Exceptions to Charge to Jury.**

Exceptions to the charge of the court must be specific, and point out the precise portion which is claimed to be prejudicial, before the objectionable portions will be reviewed in this court.

Defendant was convicted in the district court for Goodhue county, Williston, J., under the provisions of the bastardy act. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*P. S. Aslakson* and *F. M. Wilson*, for appellant.

*W. B. Douglas*, Attorney General, *C. W. Somerby*, Assistant Attorney General, and *Albert Johnson*, County Attorney, for respondent.

LOVELY, J.

This appeal is from an order overruling a motion for a new trial on a conviction of defendant under the bastardy act (G. S. 1894, c. 17).

Defendant urges that the weight of testimony is so overwhelmingly against the verdict convicting him of the paternity of the illegitimate child begotten, under the accusation of prosecutrix, by defendant upon her person, that such verdict ought not to be allowed to stand; and for two alleged misdirections of the trial court in the charge submitting the case to the jury. These are the principal grounds of complaint, although several other objections to the exclusion of evidence occurring at the trial are assigned as errors, and have been duly considered.

There was at the trial what may be regarded as a sharp and decided conflict in the evidence on both sides. Defendant was a

[1] Reported in 83 N. W. 141.

farmer, having a wife and family. . The prosecutrix was a domestic, who had been at work in his household for several months, when she left, but again returned to his service, where she was at a time when it was possible that he might have had criminal relations with her; she testified positively that he did, he as positively that he did not. The child was born at defendant's home, and she remained there several months thereafter, and to several persons (among them defendant's wife) stated that the father of the child was a third party (a hired man), who had formerly lived in defendant's family, and she had her child baptized in the name of such person, instead of her own. It was claimed by prosecutrix that her statements regarding the paternity of the child were made by her to transfer from defendant any immediate bad consequences which would follow the discovery of his responsibility therefor, and were made at his request, and to shield him from dishonor, in consideration that he would provide for her. This defendant flatly denies. These questions of fact were all submitted to a jury, who saw the witnesses, heard their testimony, and we cannot say from the record before us that their conclusions should be set aside. There was certainly competent evidence to sustain the verdict, and we cannot now, as a court of review, interfere with the decision of that tribunal which, under our system, is authorized to determine the issues which were submitted in this case.

The objections to the charge of the trial court are not covered by any appropriate assignments of error, and cannot be considered. Besides, the exceptions to the objectionable portions of the charge did not point out and designate the particular statements that are claimed to have been prejudicial. Such a course is essential for the information of the trial court, in order that the errors may be corrected; and the failure to make proper and intelligible exceptions that will afford such an opportunity under well-settled rules waives the error complained of. Main v. Oien, 47 Minn. 89, 49 N. W. 523. We have carefully considered the remaining assignments of error, but do not find any of them to be of sufficient merit to warrant a reversal of this case.

Order affirmed.