CITY OF OWATONNA v. JOHN CHRISTIANSON.[1]

April 26, 1901.

Nos. 12,473—(23).

## Assignment of Error—Amendment of Findings.

When the only question discussed of sufficient importance to require consideration on appeal is the refusal of the trial court to amend a finding of fact, an assignment of error distinctly pointing to and indicating such refusal is necessary to secure its consideration in this court.

## Same—"Error to Deny New Trial."

An assignment of error, that the court erred in denying plaintiff's motion for a new trial, is not sufficient, in such case, to review the question whether the court erred in refusing to amend findings.

Appeal by John Christianson from an order of the district court for Steele county, Buckham, J., denying a motion for a new trial on an appeal from an award of damages in proceedings by the city of Owatonna for the condemnation of defendant's property for a street. Affirmed.

*Harlan E. Leach*, for appellant.

*C. J. O'Brien* and *Sawyer & Sperry*, for respondent.

LOVELY, J.

A strip of land four rods in width was taken from defendant, and appropriated for a public street, in condemnation proceedings by the city of Owatonna. On appeal to the district court from the award of damages by the commissioners (tried to the court), the court found that the entire tract of land owned by appellant from which the portion for the street was taken was worth, "with the extensions of the street along the north side, over the north four rods of the same, the sum of $175 less than it would be without such extension," and, as a conclusion of law, that the appellant was entitled to recover of the city that sum as damages. Defendant moved for an amended finding specifically estimating the amount of benefits, if any, accruing to the

[1] Reported in 85 N. W. 909.

landowner, which the trial court declined to make. After such refusal, appellant moved to set aside the decision of the court, which was also refused, and brings this appeal from an order denying a new trial.

There were several points, under different assignments, urged on the argument, but none of them have sufficient merit to entitle them to consideration, save the question whether the court should have amended a finding of fact designating special benefits, if any, to the landowner. The evidence reasonably tends to support the finding of the court upon the ultimate fact of injury to the appellant's entire tract of land, viz., the difference in the value of such tract affected by the condemnation, before the laying of the street, and its value afterwards, which is the legal measure of the landowner's damages in such cases; and the question of special benefits to the landowner, arising from the location of the street, to the entire tract from which the street is taken, cannot be raised or considered on this review, since it is not presented by any sufficient assignment of error. The refusal of the court to amend its findings at the request of appellant, involving this question, is not referred to or pointed out in any assignment whatever, nor is it covered by the assignment that the court erred in denying appellant's motion for a new trial. Under the well-settled rule of this court, it cannot, therefore, be considered on this appeal. Wilson v. Minnesota F. Mut. F. Ins. Assn., 36 Minn. 112, 30 N. W. 401; Moody v. Tschabold, 52 Minn. 51, 53 N. W. 1023; Keough v. Wendelschafer, 73 Minn. 352, 76 N. W. 46.

The order appealed from is affirmed.