ANNA ADAMS v. CITY OF THIEF RIVER FALLS and Another.[1]

June 21, 1901.

Nos. 12,663—(139).

### Cunningham v. City Followed.

Numerous assignments of error on this appeal have been determined by the decision in Cunningham v. City of Thief River Falls, supra, page 21, presented at the same time and upon the same facts, which rules the disposition of this case in those respects.

### Use of Injured Arm.

Plaintiff was permitted to illustrate her power to use her arm, claiming to have been permanently injured in an accident, by movements thereof at the trial and before the jury. Held, that such experiments were permissible and within the proper exercise of the discretion of the trial court.

### Dismissal of Action against Co-Defendant.

At the close of the testimony the court, upon motion, dismissed the action against the co-defendant, the Great Northern Railway Company, which is assigned as error. Held, that in the absence of any motion for a new trial in which the Great Northern Railway Company was a party and given a hearing, such defendant is not before the court on this appeal.

### Excessive Damages.

The claim by defendant against whom recovery was had that the damages were excessive is not before us for review, since it was not assigned by appellant as error.

[1] Reported in 86 N. W. 767.

Action in the district court for Red Lake county against defendant city, and Great Northern Railway Company, to recover $15,000 damages for personal injuries. Upon the trial before Watts, J., and a jury, the action was dismissed as to the railway company and a verdict was rendered against defendant city for $5,000. From an order denying a motion for judgment in its favor, notwithstanding the verdict, and denying a motion for a new trial upon condition that plaintiff consent to a reduction of the verdict to $3,500, defendant city appealed. Affirmed.

*Ira C. Richardson* and *Horace E. Bagley,* for appellant.

*H. Steenerson* and *Charles Loring,* for respondent.

LOVELY, J.

Action to recover damages against defendants jointly for injuries sustained by plaintiff while riding in a two-seated spring wagon driven upon a public highway in the city of Thief River Falls, on the ground that the railroad company had constructed and maintained its railway over such highway in a negligent manner, without restoring the same to its previous condition of usefulness for public travel, and against the city for its negligence in the maintenance of such highway after knowledge of its defective condition. At the close of plaintiff's evidence the court dismissed the action against the railroad company, over plaintiff's exception. Upon the submission of the evidence to the jury, a verdict against the city was returned for plaintiff. The city moved for judgment, or a new trial in the alternative. The trial court overruled the motion, providing plaintiff would consent to a reduction of the verdict, which was agreed to, and the defendant city appeals to this court from the conditional denial of its motion.

An examination of the evidence returned here shows that the accident by reason of which plaintiff sustained her injuries was identical with that considered in the case of Cunningham against both defendants, argued on the same day this appeal was heard; hence it is not necessary to consider again the question of the sufficiency of the evidence to sustain the verdict, or any of the assignments considered on the review of that case. The plaintiff,

Mrs. Adams, as well as Mrs. Cunningham, the plaintiff in the case referred to, were passengers in the wagon; and both ladies, owing to the alleged negligent construction and maintenance of the highway crossing, as found by the verdict, were precipitated upon the ground, receiving injuries from the fall. The careful consideration and result given to the case of Cunningham v. City of Thief River Falls, supra, page 21, upon the several grounds embraced in the assignments of error in that suit, in the opinion of the court (BROWN, J.), are adopted and followed in this case.

The plaintiff on the trial of her action, over defendant's objection, was allowed to illustrate, by the movement of her arm in raising and lowering it before the jury, the nature and extent of the injuries which, under her claim, were sustained by her. We have no doubt that the trial court, under such circumstances, had the right, within the exercise of its sound discretion, to permit such experiments to be made. Hatfield v. St. Paul & Duluth R. Co., 33 Minn. 130, 22 N. W. 176. We discover no just ground of complaint with its action in this respect.

It is also assigned as an error by appellant that the court erroneously dismissed the action against its co-defendant, the Great Northern Railway Company, at the close of plaintiff's testimony, when there was evidence to sustain a verdict against it as well as against the city. We are not at liberty to consider this assignment, for the reason that no proper course has been taken to procure a new trial on that ground. If, as claimed by appellant, the evidence made a case against the railway company as well as the city, the railway company was not made a party to the motion for a new trial, and was not included in the notice of appeal, which was directed to plaintiff alone, so that the company did not have an opportunity to be heard upon such motion or on this review, and is in fact not now here for any purpose. Clark v. City of Austin, 38 Minn. 487, 38 N. W. 615.

During the trial the mayor of the city was examined, and gave evidence with reference to the character of the highway crossing favorable to the city. Upon his cross-examination he was asked if he did not say, "If those people [referring to Mrs. Cunningham and plaintiff] got hurt in that hole, they ought to have damages."

A proper objection was made to this question, but was overruled, and he did not answer. When the witness was again asked, "You told them so?" he replied, "If it was our fault." If it were prejudicial to the defendant to allow the mayor to show that, in his opinion, the plaintiff was entitled to damages, the only answer given relieves the ruling of the court from any prejudicial effect. It was equivalent to an answer that plaintiff ought to recover if she was entitled to,—a self-evident proposition in any case where damages are sought,—and it is impossible to see how such answer could injure the defendant. It went no further than to declare that the plaintiff was entitled to her legal rights.

The defendant city very earnestly contends that the verdict was excessive, even after the reduction by the trial court, and desires us to review the evidence upon which the jury, and subsequently the court, acted in this respect. Respondent's counsel point out the insuperable difficulty to our consideration of this question, viz., that we are precluded from any review of the amount of damages awarded, for the reason that there has been no assignment whatever upon which such alleged error can be considered. Under rule 9, subd. 3, of our rules (60 Minn. v., 61 N. W. v.), the proper practice in this respect is laid down. A compliance with this rule is necessary for the information of opposite counsel as well as the court in respect to the specific questions which we are required to consider on review. This is necessary to the orderly and efficient administration of justice, and to enable us properly to perform our duties.

This court has not been inclined to be technical in the application of this rule, and has allowed assignments to be amended or inserted before argument, or, in its discretion, at the time of argument, where no injustice will be done by such course; but further than this we cannot go without abrogating the rule, for we cannot engage in the proper examination of a record without having specifically pointed out, in an intelligent manner, the legal questions relied upon by the party complaining of error. On this appeal the assignments that the court erred in refusing to order judgment notwithstanding the verdict, and its refusal to grant a new trial, are of no efficient value, and do not call atten-

tion to any of the numerous propositions of law involved in such motions, particularly since the motion for new trial was made upon several grounds. It has been repeatedly held by this court that such assignments are without avail. Wilson v. Minnesota Farmers' Mut. F. Ins. Assn., 36 Minn. 112, 30 N. W. 401; State v. Hays, 38 Minn. 475, 38 N. W. 365; Moody v. Tschabold, 52 Minn. 51, 53 N. W. 1023; Lytle v. Prescott, 57 Minn. 129, 58 N. W. 688; First Nat. Bank v. Holan, 63 Minn. 525, 65 N. W. 952; State v. Veek, 80 Minn. 221, 83 N. W. 141; Christianson v. City of Owatonna, 83 Minn. 52, 85 N. W. 909.

With reference to the precise question which defendant seeks to present,—excessive damages,—this court has held that an assignment that the court erred in denying a new trial is insufficient to enable the appellant to raise the question that the damages awarded are excessive, under conditions precisely similar to this appeal. Sharpe v. Larson, 67 Minn. 428, 70 N. W. 1, 554. The objection to our review of this subject was urged in respondent's brief, and must have been known to appellant at the time of its service. No application to amend the assignments has been made by defendant's counsel, and we are compelled to follow the previous decisions of this court in that respect.

Order affirmed.