## STATE v. WILLIAM J. SCHMIDT.[1]

### May 25, 1923.

### No. 23,032.

Conviction sustained.
    1. The evidence was sufficient to justify the jury in finding that defendant was the father of the illegitimate child of the complaining witness.

[1]Reported in 193 N. W. 954.

Language of judge not prejudicial.

2. The remarks of the trial judge in ruling on evidence were not prejudicial to any of defendant's substantial rights.

Construction of charge to jury.

3. Instructing the jury to arrive at the truth as nearly as they can is not tantamount to telling them they need not determine what the real facts are but may guess at them.

Instructions to jury not prejudicial.

4. The repetition of the statement that the jury should decide the case according to the weight of evidence without counting the number of witnesses on either side was not prejudicial to defendant. Neither was it prejudicial to him to instruct that the state was required to establish the guilt of the defendant by a fair preponderance of evidence only and not beyond a reasonable doubt. It was proper to instruct that the state was not required to produce corroborative evidence of the act of intercourse.

Denial of new trial correct.

5. Defendant moved for a new trial on the ground that about 10 months after the child was born its mother was committed to the Minnesota Home School for Girls upon a finding by the juvenile court that she was afflicted with a venereal disease of comparative long standing. The denial of the motion based on this newly-discovered evidence was not error.

Defendant was accused of being the father of an illegitimate child, tried in the district court for Steele county before Childress, J., and a jury and found guilty as charged in the indictment. From the judgment of conviction and from orders denying his motions for a new trial, defendant appealed. Affirmed.

*Leach & Leach*, for appellant.

*Harold S. Nelson*, County Attorney, for respondent.

LEES, C.

Accused of being the father of an illegitimate child born to a girl 16 years old, defendant was tried, found guilty and appealed from the denial of two separate motions for a new trial and from the judgment entered pursuant to chapter 489, p. 829, Laws 1921.

1. The child was born July 27, 1921. Its mother testified that it was begotten October 22, 1920, and that defendant was its father. He and she are distant relatives, but had not met prior to July, 1920. Thereafter they met on several occasions and under various circumstances. She lived with her parents at Owatonna, and he with his at Waseca. He is a single man 27 years old and was employed in a store at Waseca. She attended school until the fall of 1920, when she began to work as a telephone operator at Owatonna. She testified that on or about October 22, 1920, defendant called for her at the telephone office after her day's work was done, drove with her to Waseca, where one of her aunts had a room at a hotel, and later in the evening to Clear Lake, where the child was begotten. All this was flatly denied by defendant. Witnesses called by the state testified that defendant was seen with the girl on a few occasions between July and November, 1920, and that, in the evening of October 22, he called for her at the hotel where her aunt stayed and drove away with her. He admitted that this incident occurred, but testified it was in December and that the trip was to a motion picture house, then home and not to Clear Lake as the girl testified. On the night of the birth of the child, being questioned as to its paternity, the girl said that defendant was its father. She had said nothing to defendant about her condition and concealed it more or less successfully from her relatives and acquaintances, but testified that she had asked defendant to meet her and that it was her purpose to tell him of her trouble, but he never came.

Her reputation for chastity was attacked by defendant, who called numerous witnesses, some of whom implicated her with other men while others contradicted many of the statements she made while on the witness stand. Her conduct for two years preceding the birth of the child was the principal subject of the testimony, which took an unusually wide range, was calculated to exhibit her in an unfavorable light, and pointed to another man as the possible father of the child. Notwithstanding a vigorous defense, the jury were satisfied of defendant's guilt, and the trial judge was satisfied with their verdict. Under such circumstances an appellate court should

be reluctant to interfere unless the defendant has not had a fair trial.

In this case, as in many others like it, there was the usual mixture of truth and falsehood. The impression we get from the record is that the case was one where the atmosphere of the trial would go far to determine where the truth lay. Some portions of the girl's story were inconsistent and some seem improbable, but on the whole it was not so unreasonable as to require the jury to discard it as wholly unworthy of belief. She stuck to it through a prolonged and searching cross-examination. In connection with the other evidence in the case, it made the question of defendant's guilt one which the jury might answer as they did. State v. Snure, 29 Minn. 132, 12 N. W. 347; State v. Veek, 80 Minn. 221, 83 N. W. 141; State v. Deike, 144 Minn. 453, 175 N. W. 1000.

2. In overruling the state's objection to the introduction in evidence of a page of a hotel register, the trial judge said he did not see the materiality of the evidence, but perhaps the jury might. Defendant contends that this remark was an improper and prejudicial criticism of evidence in his behalf. He also complains of another incident. One of his witnesses was shown a calendar, and defendant's counsel began to ask a question about a certain date. He was interrupted by an objection. In sustaining it, the trial judge said that holding the calendar before the witness and pointing to the dates on it was leading and suggestive. Exception was taken to the judge's manner and tone of voice in announcing the ruling. In denying a new trial, the judge, in a memorandum, said he was hoarse when this occurred and that counsel mistook his difficulty in speaking for anger.

An appellate court is rarely justified in granting a new trial for alleged improper remarks by the trial judge. 2 Dunnell, Minn. Dig. § 7098. Unless it fairly appears that they prevented the party complaining from having a fair trial, they will be disregarded. It is our opinion that neither remark was prejudicial to any of defendant's substantial rights.

3. Many assignments of error are directed to the instructions to the jury. The jury were told that they must try to arrive at the

truth and get at it as nearly as they could. It was said that this was tantamount to telling them they need not determine what the real facts were, but might guess at them. We think there is little foundation for this criticism. The truth is seldom revealed to an absolute certainty by the trial of a lawsuit. All a jury can ever do is to make an honest effort to ascertain the truth by using their united intelligence and practical common sense in weighing the evidence.

Fault is found with an instruction that the state was not required to produce corroborative evidence of the act of intercourse. It was a correct statement of the law. 1 Dunnell, Minn. Dig. § 838. We see no reason why it should not have been given.

In varying phraseology the jury were thrice told that they were to decide the case according to the weight of evidence and not to count the number of witnesses on either side and bring in a verdict for the party for whom a majority had testified. Defendant asserts, citing Waller v. Ross, 100 Minn. 7, 110 N. W. 252, 12 L. R. A. (N. S.) 721, 117 Am. St. 661, 10 Ann. Cas. 715, that, although the statement was correct enough, the reiteration of it was prejudicial because it minimized the effect of the testimony of his long array of witnesses. It is not uncommon to find repetitions in the instructions to juries. Under some circumstances, they might be prejudicial to one of the parties. In the present instance it seems improbable that the jury were so influenced by the rule the court reiterated that they failed to give proper consideration or weight to the testimony of defendant's witnesses or too much weight to that of the girl.

There was an instruction that the state was not required to establish the guilt of defendant beyond a reasonable doubt, but was required "to produce only a fair preponderance of evidence that the defendant is the father of the child." In our opinion, the use of the word "only" in this connection did not unduly emphasize the rule that less evidence of guilt is necessary to convict in a case of this character than would be necessary in an ordinary criminal case.

There was no error in the refusal to give defendant's requested instruction that, if the testimony of the girl and that of the defendant were of equal credibility and there were no corroborating cir-

cumstances, the verdict should be not guilty. The substance of this request was given in the general charge.

4. On May 15, 1922, the juvenile court of Steele county found that the girl was afflicted with a venereal disease of comparative long standing and committed her to the Minnesota Home School for Girls at Sauk Center. This was the basis of defendant's second motion for a new trial. At the hearing he produced the certificate of a physician that on June 10, 1922, he had examined him and found him free from venereal disease or symptoms of past disease. The state presented the certificate of the physician who attended the girl in her confinement. It was to the effect that he discovered no evidence that she had or ever had had a venereal disease. It also presented the certificate of another physician to the effect that a man might be diseased in October, 1920, and have no condition present in June, 1922, which would indicate that he ever had been diseased. The length of the intervals between the several dates in question detracts from the importance of this new evidence. It would not be likely to change the result of another trial. It was additional proof of unchastity, but newly discovered evidence which is merely cumulative is not enough to warrant a new trial. It is largely discretionary with the trial court to grant a new trial for newly discovered evidence, and an appellate court will not ordinarily interfere unless there has been an abuse of judicial discretion. 2 Dunnel, Minn. Dig. § 7125.

All other assignments of error have been considered but do not require discussion.

The orders and the judgment are affirmed.