## Joseph G. Smith

### vs.

## Andrew Schroeder, Treas., &c.

Smith was the owner of an interest in a portion of lot 6, block 5, in St. Cloud; the deeds through which he acquired title had not been recorded; he presented the same to the register of deeds demanding that they should be filed and recorded; the register refused to file or record them, on the ground that the auditor had not certified thereon that the taxes on the land conveyed therein were paid. Smith thereupon presented the deeds to the auditor and demanded "that he enter and endorse on said deeds * * over his signature the words 'taxes paid,' or the words 'not entered for taxation,' or such other entry * * according

to the facts   *   *   as would authorize the register to file and record said deeds," and enable him (Smith) to procure the same to be recorded. The auditor endorsed upon the deeds over his official signature, "Taxes not paid on the whole of lot six, block five, for 1866, amount to $172.14 to date Dec. 28, 1868." Said amount of $172.14 was made up of taxes on said lot six for 1866, with interest and charges thereon; said lot having been sold at the tax sale in 1867, for the payment of such taxes by the county treasurer to one Clark, to whom a certificate was issued therefor. The auditor, upon the sole ground that there was due and unpaid upon said lot six the sum of $172.14 as taxes, interest and charges as aforesaid, refused to make any endorsement upon said deeds, save that made as above stated, until said sum of $172.14 should be paid to the county treasurer. Smith thereupon paid said treasurer said sum of $172.14, and received from the treasurer a certificate of redemption of said lot from said interest and charges; said amount being demanded by the treasurer as a condition precedent to giving his receipt of the payment of said taxes, interest and charges. Smith simultaneously with the payment so made by him, served upon the treasurer a written notice and protest, in and by which he notified him that he paid said sum for alleged or pretended taxes, interest and charges upon said lot, *for the purpose of enabling him to get his said deeds recorded*, and that the auditor refused to endorse upon said deeds the words "not entered for taxation," or "taxes paid," until said amount was paid to said treasurer, and that the register refused to receive and record said deeds without such endorsement. Smith further, in and by said notice notified the treasurer not to pay any portion of said money into the treasury, or to any person who had purchased or pretended to purchase said lot at any tax sale; and that he, Smith, should bring suit against said treasurer to recover said amount, and test the validity of the taxes. Upon the presentation of the certificate of redemption to the auditor, he certified that the taxes were paid, and thereupon Smith procured the deeds to be recorded.

*Held:* That admitting the illegality of the taxes, the payment was voluntary, not compulsory, and having been made under no mistake of facts, Smith is not entitled to recover the sum paid of the County Treasurer.

This action was brought in the District Court for Stearns county, to recover the sum of $172.34, which amount the plaintiff paid to the defendant, as treasurer of Stearns county, for and on account of taxes upon certain real estate

owned by plaintiff. The plaintiff claims that the taxes were *illegal*, and that his payment thereof was an *involuntary* payment, and on this ground bases his right to recover back the money paid. The defendant interposed a general demurrer, which was overruled by the court below, and from this order the defendant appeals to this court. The allegations of the complaint sufficient for a full understanding of the case are stated in the opinion of the court.

Edwin M. Wright, for Appellant.

Gordon & Collins, for Respondent.

*By the Court.*—Berry, J.—The plaintiff brings this action (which is in the nature of assumpsit for money had and received,) to recover the sum of $172.34, paid by him to the defendant, as treasurer of the county of Stearns, as the amount of certain taxes, with interest and charges thereon, claimed by the plaintiff to have been illegal, and to have been paid involuntarily, and such as the defendant has, therefore, no right to retain. In the view which we take of this case, it is not necessary to inquire whether the taxes referred to, were legal or illegal, for admitting their entire illegality, as claimed by the plaintiff, we are of opinion that the payment made to the treasurer, under the circumstances set out in the complaint, cannot be regarded as involuntary, in a legal sense, and it is hardly necessary to add, that if it was a voluntary payment, made under no mistake of facts, (and none is pretended,) it cannot be recovered back. The case is here upon an appeal from an order overruling a general demurrer to the complaint. The facts alleged and material to be considered, are in substance as follows:

The plaintiff was the owner of an undivided interest in a portion of a certain town lot in St. Cloud, being lot 6, in block 5; the deeds through which he acquired title had not been recorded; the plaintiff presented the same to the register of deeds, demanding that they should be filed and recorded; the register refused to file or record them on the ground solely, that the auditor had not certified thereon that the taxes on the premises therein conveyed, had been paid; the plaintiff thereupon presented the deed to the auditor, and demanded "that he enter and endorse upon said deeds, and each of them, over his signature, the words 'taxes paid,' or the words 'not entered for taxation,' or that he then and there make such other entry or endorsement on said deeds, according to the facts in the premises, as would authorize the register to file and record said deeds in the records of his said office, and enable said plaintiff to procure the same to be recorded by said register of deeds in the records of his said office;" the auditor endorsed upon said deed over his official signature, "taxes not paid on the whole of lot six, block five, for 1866, amount to $172.14 to date, Dec. 28, 1868;" said amount of $172.14 was made up of taxes on said lot six, for 1866, with interest and charges thereon, said lot having been sold at the tax sale in 1867, for the payment of such taxes, by the county treasurer, to one John R. Clark, to whom a certificate was issued therefor; the auditor, upon the sole ground that there was due and unpaid upon said lot six, the sum of $172.14 as taxes, interest and charges on said lot for 1866, refused to make any endorsement upon said deed, save that made by him as above stated, until said sum of $172.14 should be paid to the county treasurer, the defendant; the plaintiff thereupon for the purpose of procuring his title deeds to be recorded and for the protection of his interest in

Smith v. Schrœder.

said lot 6, paid to said defendant, as said treasurer, said sum of $172.14, for said alleged taxes, interest and charges, and twenty cents redemption fee, and received from said treasurer a certificate of redemption of said lot six, from said taxes, interest and charges, and tax sale; said amount being demanded by said defendant as a condition precedent to giving his receipt of the payment of said taxes, interest and charges; the plaintiff simultaneously with the payment of said money served upon the defendant a written notice and protest, in and by which he notified the defendant that he paid said sum for alleged and pretended taxes, interest and charges upon said lot, *for the purpose of enabling him to get his said deeds recorded,* and that the county auditor refused "not to endorse upon such deeds, or either of them, the words entered for taxation," or the words "taxes paid," until said amount was paid to the treasurer for said pretended taxes, interest and charges on said lot, and that the register of deeds refuses to receive or record the said deeds, or either of them, without such endorsement thereon; and in and by said notice he further notified the defendant not to pay said money, or any portion of it, into the treasury, or to any person or persons who have purchased or pretended to purchase said lot, or any portion thereof, at any tax sale, and that he, plaintiff, should bring suit against defendant to recover said amount, and test the validity of said taxes, interest and charges; upon the presentation of said certificate of redemption to the auditor, said auditor certified upon said deed that the taxes were paid, and thereupon plaintiff procured the same to be recorded by said register.

Assuming for the purposes of this case that the taxes, interest and charges were altogether unauthorized and illegal, we are of opinion, as before remarked, that the payment made by the plaintiff must be regarded as voluntary.

Line 14 should read—
to endorse upon such deeds, or either of them, the words "not

Whether the register under the imperfect provisions of *Sections* 40 *and* 41, *Gen. Stat.*, and before the amendment made by *Ch.* 83 *Laws*, 1869, had the right in Dec. 1868, (when the demand in this case was made upon him) to require *any* certificate in regard to taxes as a condition precedent to the filing and recording of a deed, is a question not discussed by counsel, but so far as we discover not important to be considered in the present phase of the case. The register insisted upon a certificate that the taxes *were paid*, and this he had no right to do.

The auditor was authorized to make upon deeds presented to him, one of the four following endorsements, according to the facts in the case: 1st. "Not entered for taxation." 2d. "Taxes not paid." 3d. "Taxes paid." 4th. Taxes paid by sale of lands (or forfeiture) described within." *Gen. St. ch.* 11, *sections* 40 *and* 41. Either of these endorsements would have entitled the plaintiff's deeds to record. To procure the endorsement fourthly above mentioned, it was not necessary for the plaintiff to pay the taxes in this case, and the auditor had no right to insist upon their payment before making such endorsement. Both the register and auditor were therefore in the wrong. Was the defendant in the wrong? Not unless there was some compulsion on his part, in consequence of which the payment made by the plaintiff was not voluntary. If one man voluntarily, with his eyes open, and without mistake of facts, pays or gives money to another, he cannot maintain an action to recover it. *Clarke vs. Dutcher*, 9. *Cowen*, 674. *Preston vs. Boston*, 12 *Pick.* 13. *Elliot vs. Swartwout*, 10 *Peters* 150. But there was no compulsion on the part of the defendant. He had nothing to do with the filing or recording of the deed, nor with the endorsement of certificates upon the same, to entitle them to record. These were matters exclu-

Smith v. Schrœder.

sively for the register and auditor. Their compulsion (if any there was) was not the defendant's compulsion.

It is said by the plaintiff's counsel that the register, auditor and treasurer are servants of a common master. This is perhaps true in a general, but not, as we conceive, in an important sense; each has independent duties, and the wrong of one, is not the wrong of another. It cannot, then, be said that the wrongful refusal of the register to file and record, or of the auditor to certify, before the taxes were paid, were acts of compulsion on the part of the defendant,—the treasurer. In the notice and protest served upon the defendant simultaneously with the payment, the plaintiff has expressly stated the purpose for which the payment is made, to-wit: to enable him to get his deeds recorded; and this is the only purpose for which the payment is stated to have been made. But the defendant, as we have endeavored to show, did not prevent the plaintiff from getting his deeds recorded, without any payment, as he had the right to do under the statute; so far then the payment must be regarded as voluntary, and not upon compulsion.

But still further, it appears from the complaint that the amount paid was demanded by the defendant as a condition precedent of giving a receipt or redemption certificate. Now certainly the defendant, as county treasurer, was under no obligation, indeed had no right to give a receipt or redemption certificate, unless the money therein expressed to have been received was paid. If then the plaintiff insists upon a receipt or redemption certificate, he cannot decline to pay for it. When he asks for a receipt or redemption certificate under such circumstances, accepts it, pays for it and makes use of it as he did in this case, we think his payment is not compulsory or involuntary. He pays of his own motion, voluntarily, and under no mistake of facts,

to a person who exercises no compulsion over him or his property. The duress, or *quasi* duress necessary to constitute an involuntary payment does not exist. *Preston vs. Boston supra; Smith vs. Readfield*, 27 *Me.*, 145. But it is said that upon the tax certificate issued to Clark a deed was threatened to be executed and delivered, and that as such deed would under the statute be *prima facie* evidence of title, and it might thereupon be necessary to overcome the presumption thus created in favor of the validity of the tax title by proof not in the plaintiff's possession or control, and liable to be lost or destroyed, that the payment was therefore made under a compulsion exercised over the plaintiff in respect to his property : in other words, that it was necessary to make the payment to prevent a sacrifice of his property.

What might have been the plaintiff's rights if he had placed the payment upon that ground in his notice and protest, we have no occasion to decide now, for it is sufficient to say that he not only did not place it upon that ground, but he expressly states the purpose of the payment to be to enable him to get his deeds recorded, and this is the only purpose of which the defendant is notified, and upon which the protest is based. Under such a state of facts it does not lie in his mouth to claim, as an after thought, that he paid the money to prevent the issuing of a tax deed, the effect of which may possibly be to deprive him of his property. As to the cases referred to by counsel in which a recovery of erroneous or illegal taxes paid has been allowed, it will be found that they are generally cases in which a distress of person or personal property had been made, or was allowed by law to be made, so that the payment might well be treated as made under duress as that term is now understood.

*See* 1 *Parsons on Contracts*, 5*th ed.* 306, *and note x ;*

Smith v. Schrœder.

*Sumner vs. First Parish*, &c., 4 *Pick*, 361; *City of Phila-delphia vs. The Collector*, 5 *Wallace* 720; *Pacific Ins. Co. vs. Soule*, 7 *Wallace* 442; *Chegaray vs. Mayer*, *N. Y.*, 2 *Duer* 521; *Smith vs. Readfield, supra; Preston vs. Boston, supra; See also Fleetwood vs. City N. Y.*, 2 *Sandford*, 475; *Harmony vs. Bingham*, 1 *Duer* 229.

Order overruling demurrer reversed.