WILLIAM SHANE *vs*. CITY OF ST. PAUL.

July 12, 1880.

Void Tax Judgment—Action to recover Money paid to Redeem.—An action will not lie to recover money voluntarily paid to redeem land sold upon a void. tax judgment, when the party making the payment has at the time full knowledge of the character of the sale, and all the facts affecting its validity.

Payment, when voluntary—Effect of Protest.—A payment is voluntary if made by a party informed of all the facts connected with the subject-matter of the payment, and under the influence of no duress or coercion, even though it may be accompanied with a written or verbal protest. A protest is of no avail except in a case of duress of some kind, and then only as evidence tending to show that the payment was the result of the duress.

Same—Threatened Execution of Tax Deed, not Duress.—An owner of land that has been illegally sold for taxes, under a judgment void upon its face, who is in possession of the requisite information and means for impeaching the validity of the sale, is not put under any duress by a threatened execution, to the holder of the tax certificate of sale, of a tax deed in case no redemption is made.

Certain real estate of plaintiff in the city of St. Paul was sold, on May 20, 1876, under a judgment of the late court of common pleas of Ramsey county, for the amount of a reassessment against it for a local improvement, and a certificate of sale was issued to the purchaser. The time for redemption from the sale would expire on May 20, 1878, and immediately thereafter the holder of the certificate would be entitled to a deed from the city, which would be *prima facie* evidence of title in the grantee. The amount claimed by the city as due, under and by virtue of the sale, and to redeem the real estate therefrom, was $1,076.05, on April 23, 1878, on which day the plaintiff paid that sum to the city treasurer to redeem from the sale, accompanying the payment with a written notice, wherein he stated the grounds on which he claimed the judgment to be void on its face and the sale also

void, and also stated that the city threatened to and would, on May 20, 1878, give a deed of the property to the holder of the certificate, which deed would be *prima facie* evidence of title in the grantee, and would cast a cloud on plaintiff's title; and that he made such payment to prevent the sacrifice of his property, etc., which would result from the execution of such deed, and under protest, and that he should sue the city for the money so paid, as paid under protest and under compulsion, and not voluntarily.

This action was brought, in the district court for Ramsey county, to recover the money so paid, with interest, the plaintiff in his complaint alleging that the judgment was void on its face, the sale void, and that the payment was made under the circumstances above stated, and under compulsion, and was not voluntary. A demurrer to the complaint was sustained by *Brill*, J., and the plaintiff appealed.

*James B. Beals*, for appellant.

The payment was made to prevent the giving of a deed whereby a *prima facie* title against appellant would have been made in a third person. *Smith* v. *Schroeder*, 15 Minn. 35. A tax illegally assessed against real estate, and paid under protest, may be recovered back. *Hays* v. *Hogan*, 5 Cal. 241; *Gillette* v. *City of Hartford*, 31 Conn. 351; *Slack* v. *Norwich*, 32 Vt. 818; Cooley on Taxation, 568. The underlying principle of the action is that plaintiff is entitled to recover where the defendant has money that belongs to the plaintiff, and wrongfully detains it from him. *Babcock* v. *Granville*, 44 Vt. 325; *Allen* v. *Burlington*, 45 Vt. 202; *Preston* v. *Boston*, 12 Pick. 7; *Bank* v. *Chalfant*, 51 Cal. 472; *Boston Glass Co.* v. *Boston*, 4 Met. 181; *Foster* v. *Com'rs of Blue Earth County*, 7 Minn. 84 (140;) *Adam* v. *Litchfield*, 10 Conn. 127. The principle applies with as great force in the case at bar as if the duress had been of person or personal property, and to deny a remedy in this form of action is to deny all remedy. An owner should not be compelled to stand by and see an outstanding *prima facie*

title made in his property, and take upon himself to decide finally the legality of the title. *Bradford* v. *Chicago*, 25 Ill. 411.

The assessment judgment may be attacked collaterally for want of jurisdiction. *Kamp* v. *Kamp*, 59 N. Y. 212; *Dousman* v. *City of St. Paul*, 23 Minn. 394; *Flint* v. *Webb*, 25 Minn. 93.

*W. P. Murray*, for respondent.

CORNELL, J., Upon the allegations of the complaint, the tax judgment under which plaintiff's land was sold, and the certificate of sale was issued, was void for want of jurisdiction, and for matters appearing upon its face showing its nullity, besides being founded upon an illegal and void reassessment, made without authority; of all which facts plaintiff had full knowledge when he paid to the city treasurer, for the redemption of the property from such sale, the money which he now seeks to recover from the defendant, on the ground that such payment was made under protest, and was not voluntary. The only compulsion complained of was the threatened execution, on the part of the city, to the holder of the tax certificate, in case no redemption was had within the time fixed by law, of a tax deed to the premises, which would operate as an apparent cloud upon plaintiff's title, by reason of the *prima-facie* character given to such instruments as evidence of title.

It is evident, from these facts, that the payment was made under the influence of no duress or coercion, actual or threatened, affecting either the person or property of the plaintiff. Not even any demand for the redemption appears to have been made upon him on the part of the defendant. He was remaining in the quiet and undisturbed possession of his property, and there is no pretence that the city authorities contemplated any interference therewith, by process or otherwise. The execution and delivery of a tax deed, in accordance with the alleged threat, could work no disturbance of that possession, for, being founded upon a judgment void

35

upon its face, its invalidity could always be shown to defeat any claims that might, at any time, be asserted under it. There was, therefore, no necessity for plaintiff to make any redemption in order to protect his possession of the property. Neither was he required to do so to avoid any injurious consequences which might arise by reason of the apparent cloud which might be cast upon his title, for, upon the facts stated, he had a perfect and adequate remedy by action for the removal of such apparent cloud, whenever created.

The payment, therefore, was a voluntary one, unless the protest which accompanied it gave it a different character. This it could not do. If, in fact, the party was under no duress, restraint or compulsion when he made it, it cannot be said that he acted under the influence of any coercion in making it, because he accompanied the act of payment with a written or verbal protest. A protest is of no avail except in the case of a payment made under duress or coercion, and then only as evidence tending to show that the alleged payment was the result of the duress. *McMillan* v. *Richards,* 9 Cal. 365, 417. As the payment in this case, therefore, was purely a voluntary one, made with full knowledge of all the facts, this action for its recovery cannot be sustained. Burroughs on Taxation, 267, 442; Cooley on Taxation, 566, and cases cited; *Smith* v. *Schroeder,* 15 Minn. 35; *Powell* v. *Board of Sup'rs St. Croix Co.,* 46 Wis. 210.

Judgment affirmed.