ELI S. PITKIN *v.* WILLIAM PARKS. ·

*Trover.    Parol Evidence.    Grand List.*

1. The plaintiff sold and deeded his farm March 10th, 1879, and the deed was properly placed on file for record; but the town clerk neglected to record it. On April 4th, 1879, the plaintiff repurchased of his grantee the same premises; and having called upon the town clerk to make the proper papers, he thereupon notified them that the deed had not been recorded, and that if they should destroy it, the title would stand as originally, and so save the expense of making another deed.  By agreement the deed was destroyed.  The town clerk had entered the conveyance upon the list of transfers for the use of the listers; but after the destruction of the deed, he erased it without the knowledge of the plaintiff, and the listers in ignorance of the transaction placed the farm in the grand list of the plaintiff.  All the parties acted it good faith.  *Held*, that parol evidence was admissible to prove the destruction of the deed, and its contents; and, also, *held*, that the farm should not have been set in the plaintiff's list, as he was not the owner on the first day of April.

2. If the transaction had been fraudulent, and for the purpose of avoiding taxation, parol evidence would not have been admissible.

3. If the parties had intended that the destruction of the deed should leave them as

though no deed had been made, instead of revesting the title in the plaintiff from the fourth of April, then the farm should have been set in the plaintiff's list.

4. Filing a deed in the town clerk's office operates to give notice.

TRIAL by jury, September Term, 1880, Washington County, REDFIELD, J. presiding. Action, trover ; plea, the general issue, with notice that the defendant would justify the conversion as collector, &c. The court, *pro forma*, ordered a verdict for the plaintiff ; and rendered judgment on the verdict. The case is stated in the opinion.

*J. P. Lamson*, for the defendant.

If it was understood that Pitkin was to pay the taxes, then this suit cannot be sustained ; and that question should have been submitted to the jury. 6 Vt. 191 ; *Jones* v. *Booth*, 10 Vt. 268 ; 11 Ib. 621 ; 35 Ib. 77 ; 46 Ib. 458 ; 48 Ib. 358. If this farm was not set to the right person in the list of 1879, it was through the act of the plaintiff, and he should now be estopped. 17 Vt. 449 ; 35 Ib. 205 ; 45 Ib. 137 ; 26 Ib. 373 ; 43 Ib. 307 ; 47 Ib. 368.

*Clarence H. Pitkin*, for the plaintiff.

The plaintiff, on the 1st day of April, 1879, was not the owner or possessor of the farm. It, therefore, should not have been set in his list. *Hurlbert* v. *Green*, 41 Vt. 490 ; 16 Ib. 574 ; 21 Ib. 441 ; Gen. Sts., c. 83, s. 9 ; 41 Vt. 1 ; 6 Vt. 532. Lamberberton was owner. The deed was on file for record ; and that was tantamount to a record. *Bigelow* v. *Topliff*, 25 Vt. 273.

The destruction of the deed, April 4, did not so re-vest the title as to affect any rights or liabilities in relation to the farm which had then accrued between either party to the deed and third parties. *Botsford* v. *Morehouse*, 4 Conn. 550 ; *Marshall* v. *Fisk*, 6 Mass. 24.

The opinion of the court was delivered by

ROSS, J. The County Court ordered a verdict for the plaintiff. This was error if there was evidence in the case tending to

defeat the plaintiff's right of recovery, inasmuch as the defendant would have the right to go to the jury upon the effect and weight to be given to such testimony. The question in contention is whether a certain farm in Marshfield was properly set to the plaintiff in the grand list of 1879.

On the trial it appeared that the record title of the farm, as shown by the town records, stood in the plaintiff April 1, 1879. The plaintiff was allowed to show by parol testimony, against the exception of the defendant, who was a legal collector of taxes and had legally proceeded in the collection of the tax sought to be recovered back, that on the 10th day of March, 1879, he sold and conveyed the farm in question to Mr. Lamberton, and that the deed was properly placed on file for record in the town clerk's office. The title remained in this way until April 4, 1879, with Mr. Lamberton in possession of the premises. On the last named day, he repurchased the farm of Mr. Lamberton, and they went to the town clerk's office to have the town clerk make papers reconveying the farm to the plaintiff. The town clerk told them that he had not spread the deed from the plaintiff to Lamberton upon the record, and suggested, that they could take that deed from his files and destroy it, and destroy the other papers relating to that trade and conveyance, and thereby save the expense and necessity of making a deed of reconveyance; and it was so done. These were honest, *bona fide* transactions on the part of all parties thereto, and had, and done, without any fraudulent intent whatever. The town clerk, before the destruction of the deed, had entered the conveyance from the plaintiff to Lamberton upon the list of transfers of real estate, which he was required to furnish for the use of the listers. After its destruction, without the knowledge of the plaintiff, the town clerk, supposing the title was left as though no conveyance of the farm had been made, erased the conveyance from the list of transfers of real estate, and for that reason the knowledge of the conveyance did not reach the listers; and they, acting honestly, and in good faith, placed the farm in the grand list to the plaintiff. About these, the substantial facts in the case, there was no contradiction, or conflict in the testimony.

The law requires real estate for the purposes of taxation to be set in the grand list, to "the owner or possessor" on the first day of April of each year. Lamberton was both the owner and possessor of the farm on April first, 1879. To him alone, if the fact of such ownership and possession can be shown by parol testimony, could it be legally set in the list for that year. The deed from the plaintiff to him operated to convey the title ; and, being filed for record in the town clerk's office, for all purposes of notice of a change in the title, was as effectual as if actually spread upon the land records of the town. The withdrawal of that deed from the files of the town clerk, and its destruction by the parties thereto, did not operate to make void the conveyance of the title to the farm which had already been effected by it, neither did it operate to revest its title in the plaintiff. Its destruction, with the consent and approval of Lamberton, placed him in such relation to the title to the farm, as regards the plaintiff, that he could not be allowed to set up and rely upon the deed as conferring title upon him. It would have no such effect upon intervening purchasers or incumbrancers.

The defendant contends, that inasmuch as the plaintiff consented to, and was a party to, the destruction of the deed, that he cannot now be allowed to prove its existence by parol, and set it up to defeat the right to set the farm in the grand list to him for that year. If the conveyance to Lamberton, and the voluntary destruction of the evidence of it, were made and done, with the fraudulent intent and purpose, to enable the platntiff to avoid taxation on the farm for that year, this contention would be maintained. A party will not be allowed to set up his own fraud, to defeat a right. He will not be allowed to reproduce by parol testimony, written evidence, documents, or deeds, which he has voluntarily destroyed for the purpose of suppressing them as evidence, nor against a party who would be defrauded by such reproduction.

It is on the latter ground that Lamberton would not be allowed to show the existence and contents of the deed by parol, as against the plaintiff's right to the farm. But where the destruction of a written document is by mischance, or is voluntarily and purposely

made, for an honest purpose, a party to its destruction is not precluded from proving its existence, contents and destruction by parol testimony. The reproduction by parol testimony of a written instrument voluntarily destroyed, may be shown by the party destroying it, whenever and wherever such reproduction will not operate to effectuate a fraudulent, dishonest or unintended purpose. These principles are elementary. The application of these principles, does not forbid the plaintiff from showing by parol testimony that the title and possession of the farm were honestly and legally in Lamberton April 1, 1879. All the testimony tended to show that the deed from the plaintiff to him was destroyed for the honest purpose of revesting the title to the farm in the plaintiff, and on the supposition it would have that effect, and thereby save the expense of recording and making further deeds. That the town clerk mistakenly, and without the knowledge, or consent of the plaintiff, supposed that the destruction of the deed to Lamberton left the title as though that deed had never been executed and delivered, and for that reason, erased that conveyance from the list of transfers of real estate which he furnished to the listers, cannot affect the plaintiff's right to show the real state of the title April 1, 1879. The plaintiff was in no proper sense the cause of the failure of the listers to receive from the town clerk the requisite information of the state of the title April 1, 1879.

The defendant further contends that the parol evidence of the existence, contents and destruction of the deed to Lamberton, if admissible, tended to show that it was the intention of the plaintiff and Lamberton, by destroying the deed, to place the title to the farm just as it would have stood, if that deed had never been executed ; and that it was error in withdrawing this question from the consideration of the jury. Doubtless such effect should be given to the destruction of that deed as was intended by the parties thereto. If they really intended to have the title to stand just as though the deed had never had an existence, the plaintiff should be held to such intention, and not be allowed to set the deed up against the right of the town to set the farm in the grand list to him. We do not think the testimony tended to show any such intention of the parties to the destruction

of the deed.    It only tended to show, that they supposed and in-
tended, that the destruction of the deed would operate to revest
the title in the plaintiff from that date, April 1, 1879.

The result is, we find no error in the action and judgment of
the County Court, and that judgment is affirmed.