THEODORE W. BURDICK *vs.* DAVID BINGHAM.

June 11, 1888.

Taxes — Private Sale Void — Limitation of Action Attacking it.—A tax-judgment sale under Laws 1881, *c.* 135, was advertised for September 26th. On that day the auditor offered all the lands covered by the judgment, but did not sell the land in question. Nothing further was done that day. The sale was not adjourned. On October 4th, at the auditor's office, a person offered the auditor a certain sum for the land in question, and the offer was accepted, and the auditor issued a certificate of sale. *Held,* the sale was without authority and void; also, that the nine months

given by the act for commencing an action, or interposing a defence, alleging the invalidity of the sale, commences only from the time of an attempt to make such a sale as the act authorizes, and the sale in question was not such an attempt, and the time did not begin to run.

Same—Judgment Avoiding Sale—Conditions.—No rights accrued to the purchaser from such:sale. The lien for taxes did not pass, and the court could not require payment of them, as a condition of adjudging the sale void.

Action to determine adverse claims to vacant land, brought in the district court for Jackson county, and tried by *Perkins,* J., who ordered judgment for defendant, from which judgment the plaintiff appeals.

*E. E. Cooley,* for appellant.

*T. J. Knox,* for respondent.

GILFILLAN, C. J.   The complaint in this case, admitting that defendant was, at the time the taxes were levied, the owner of the real estate described in it, bases plaintiff's claim to it, and his right to maintain the action, upon allegations of a sale under a tax judgment in the year 1881.   In other words, the complaint shows that defendant is the owner, unless the title passed from him by virtue of the tax sale.   The answer denies the allegations of the complaint, except as to defendant's ownership.   This was sufficient to enable defendant to contest the validity of the alleged tax sale.

The sale is claimed to have been made under Laws 1881, c. 135. A judgment for the taxes was rendered.   The auditor advertised the sale under it for September 26th.   On that day he proceeded to the sale, offering separately each piece described in the judgment, including that in controversy.   Only two or three pieces were sold to actual purchasers, and none were bid in for the state, and none of the pieces were offered for less than the amount of the judgment.   When he had finished offering the lands for sale no one was present, and nothing further was done on that day in reference to the sale, either by adjourning it to a fixed time or from day to day.   On October 4th, one Ray went into the office of the auditor, and, being informed by him that the sale was still open, offered for the piece in question $239.88.   At the time nothing was being done in reference to the

sale, and there were no bidders present. The auditor accepted Ray's offer, and executed to him a certificate in the form prescribed by section 5 of said chapter 135. The sale was void for two reasons: *First.* It was not made at a time of which notice had been given, as prescribed by statute, nor at any time to which a duly-advertised sale had been adjourned. *Second.* It was a private and special sale, and not one at public vendue, as the statute prescribes, nor at a general sale or offer to sell of the lands covered by the judgment. The auditor had no authority to make it. The statute gave him authority to sell only at public vendue.

Section 7 of chapter 135 provides that "the judgment and sale herein provided for shall not be set aside unless the action in which the validity of the judgment or sale shall be called into question, or the defence to any action alleging its invalidity, be brought within nine months of the date of said sale." To set this nine months running there must at least be an attempt to make such a sale as the statute provides for. Here the auditor did not assume nor attempt to make such a sale as the statute authorizes, to wit, one at public vendue, in the course of the sale of the lands described in the judgment; so that the time never began to run. The sale being utterly without authority and void, no rights to the purchaser could accrue under it.

The chapter (135) gives to the purchaser no lien for the taxes where the sale is void. Therefore the court could not require defendant to pay the taxes found due by the judgment, as a condition of declaring the sale void.

Judgment affirmed.

MITCHELL, J. I concur in the result.