(91 App. Div. 165.)

### JANEWAY v. BURN et al.

(Supreme Court, Appellate Division, First Department. February 5, 1904.)

**1. CORPORATIONS — DISSOLUTION—TRUSTEES—DIVIDENDS—DEPOSIT—RIGHTS OF STOCKHOLDER—MONEY RECEIVED.**

Where trustees under an agreement for the dissolution of a corporation deposited money with a trust company, with which holders of debenture stock had already deposited their certificates and received receipts therefor, to pay dividends on such stock on the delivery of the receipts to the trust company in order that the payment might be stamped thereon, and it appeared that the trust company acted merely as agent of the trustees, without personal interest in the matter, the fact that the money was so deposited, and was not in the possession of the trustees, did not relieve them from liability to a stockholder entitled to share in such dividend, in an action for money had and received.

**2. SAME—DEFENSES.**

In an action, against trustees appointed under a corporate dissolution agreement, by a stockholder, to recover dividends, on the theory that the trustees held funds appropriated to such dividends for plaintiff's use and benefit, it was no defense that, after they so received the money, the trustees wrongfully parted with the possession thereof.

**3. SAME—ACTIONS AGAINST TRUSTEES—STATUTES.**

General Corporation Law, § 30 (Laws 1892, p. 1811, c. 687), provides that, on the dissolution of any corporation, its directors, unless other persons shall be appointed, shall be trustees for its creditors, stockholders, or members, and shall. have full power to settle its affairs, collect and pay outstanding debts, and divide among the persons entitled the money or other property remaining after payment of debts and necessary expenses. *Held* that, where a corporation is dissolved under the provisions of the stock corporation law, such section entitled debenture stockholders to sue the trustees to recover dividends declared in their favor from the corporation's assets.

**4. SAME.**

Where defendants under a corporation dissolution agreement assumed to act as trustees for creditors and stockholders, and thereafter represented to the holders of debenture stock that conditions existed on which such stockholders were entitled to dividends, and that the money necessary therefor had been appropriated and set apart for that purpose, such trustees, on refusing to pay dividends to which plaintiff's assignor was entitled under such representation, were subject to action to recover the same.

**5. SAME—TAXES—PAYMENT.**

Where trustees of a corporation voluntarily paid taxes on land which the corporation had previously sold to plaintiff's assignor, without such assignor's request, such payment was voluntary, and the trustees were not entitled to set off the amount so paid against a claim due such assignor for dividends from the corporation's assets.

**6. SAME—TRUSTEES—PERSONAL LIABILITY—FOREIGN STATUTES—PLEADING.**

Where a foreign statute rendered a corporation personally liable for taxes on real estate owned by it within the state, but such statute was not pleaded by trustees of a corporation as a part of a counterclaim to recover taxes so paid against a purchaser of such real estate sold under a contract to convey, it could not be considered for the purpose of establishing that such payment was not voluntary.

Appeal from Trial Term, New York County.

Action by Frances S. Janeway against Henry Burn and others as trustees under an agreement for the dissolution of the National Wall Paper Company, a corporation. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, INGRAHAM, McLAUGHLIN, and LAUGHLIN, JJ.

Louis Marshall, for appellants.
L. Laflin Kellogg, for respondent.

LAUGHLIN, J. The action is brought on an assigned claim of stockholders of the National Wall Paper Company against the defendants, as trustees acting under an agreement for the dissolution of said company, for moneys had and received. It is alleged in the complaint, and admitted by the answer, that in the month of June, 1900, defendants were duly appointed, by an agreement of dissolution entered into between the stockholders, trustees for the dissolution of the company, which was a domestic corporation, and entered upon the performance of their duties as such. The plaintiff alleged and proved that her assignors were the owners of debenture stock standing in their respective names upon the books of the company; that the defendants, as such trustees, declared a dividend of one-half of 1 per cent. upon the face value of the debenture stock then outstanding upon the books of the company, payable upon the 22d day of December, 1902, and at that time had collected sufficient assets to pay such dividend, after retaining sufficient to pay all existing indebtedness; that the holders of debenture stock had, pursuant to an arrangement with the trustees, deposited their certificates of stock with the Trust Company of America, and obtained trust receipts therefor; that the trustees, after declaring such dividends, notified the holders of said trust receipts that they had deposited with the trust company a sum sufficient to pay the dividend, and that upon the presentation of the receipts, in order that the payment of dividends might be stamped thereon, and upon the delivery of receipts therefor, the dividends would be paid; that the trust receipts held by the plaintiff's assignors were thereafter presented to the trust company, and a demand made in their behalf for the payment of said dividend, but the payment thereof was refused; that the amount of dividends to which the plaintiff's assignors were entitled aggregated the sum of $2,400.50;

and that their claim therefor was duly assigned to the plaintiff prior to the commencement of the action.

The appellants contend that the action cannot be maintained against them, for two reasons: (1) That the money is not in their possession, but in the hands of the trust company; and (2) that the money belongs to the corporation, and it can not be taken from the defendants by an action against them as trustees, even if in their possession or under their control.

There is no force in the contention that, even if the defendants would otherwise be liable, their liability terminated upon delivery of the funds to the trust company. It is manifest that the trust company was acting as their agent, and had no personal interest in the matter. If it needed evidence to show that they controlled the action of the trust company, it is found in their counterclaim, which alleges that they have appropriated the money which was delivered to the trust company for the payment of these dividends upon an alleged indebtedness of the plaintiff to the corporation for moneys had and received. We may therefore proceed on the assumption that the moneys are in the possession or under the control of the defendants. Moreover, the action is not brought to recover the specific moneys thus appropriated for the payment of dividends, but, rather, on the theory that the defendants had and received for the use and benefit of the plaintiff the amount of dividends to which she is entitled; and it would be no defense that, after having thus received them, they had wrongfully parted with possession.

The fair inference from the allegations of the complaint which are admitted is, I think, that proceedings for the voluntary dissolution of this corporation were taken pursuant to the provisions of section 57 of the stock corporation law (Laws 1900, p. 1621, c. 760), which provides, in substance, that the holders of two-thirds in amount of the stock of a stock corporation, other than a moneyed or railroad corporation, at a meeting of the stockholders called for that purpose by the board of directors as therein provided, may consent in writing to the dissolution of the corporation forthwith, in which event, upon filing such consent, with a statement of the names and residences of the directors and the names and residences of the officers, in the office of the Secretary of State, as therein provided, and upon obtaining from the Secretary of State a certificate in duplicate of such filing, and that it appears that the corporation has complied with said section 57 of the stock corporation law, and upon filing one of the duplicate certificates with the county clerk as therein provided, "thereupon such corporation shall be dissolved and shall cease to carry on business, except for the purpose of adjusting and winding up its business." That section further provides that the corporation "shall nevertheless continue in existence for the purpose of paying, satisfying and discharging any existing debts or obligations, collecting and distributing its assets and doing all other acts required in order to adjust and wind up its business and affairs, and may sue and be sued for the purpose of enforcing such debts and obligations, until its business and affairs are fully adjusted and wound up." The section further provides, that, after the publication of a copy of one of the

duplicate certificates of the Secretary of State, "the said corporation by its board of directors shall proceed to adjust and wind up its business affairs with power to carry out its contracts and to sell its assets at public or private sale, and to apply the same in discharge of the debts and obligations of said corporation, and, after paying and adequately providing for the payment of such debts and obligations, to distribute the balance of assets among the stockholders of said corporation, according to their respective rights and interest." It will be observed that these are proceedings for the voluntary dissolution of a corporation, without application to the court. Section 30 of the general corporation law (Laws 1892, p. 1811, c. 687), which appears to be applicable to proceedings for the voluntary dissolution of a corporation under section 57 of the stock corporation law, provides that:

"Upon the dissolution of any corporation, its directors, unless other persons shall be appointed by the Legislature, or by some court of competent jurisdiction, shall be the trustees of its creditors, stockholders or members, and shall have full power to settle its affairs, collect and pay outstanding debts, and divide among the persons entitled thereto the money and other property remaining after payment of debts and necessary expenses. Such trustees shall have authority to sue for and recover the debts and property of the corporation, by their name as such trustees, and shall jointly and severally be personally liable to its creditors, stockholders or members, to the extent of its property and effects that shall come into their hands."

The seventh paragraph of the dissolution agreement provides that:

"Notwithstanding the powers delegated to the trustees the company shall continue in existence with all its rights, powers and franchises during the process of liquidation for the purpose of paying, satisfying and discharging all existing debts and obligations, collecting and distributing its assets and doing all other acts required in order to adjust and wind up its business and affairs."

This part of the agreement is a literal quotation from the statute, and is merely in recognition of the continued existence of the corporation as provided in section 57 of the stock corporation law. The agreement further provides that all deeds of conveyance and other instruments affecting the business and property necessary to be executed, delivered, or accepted on behalf of the corporation by the trustees shall be made, executed, and delivered in the name of the corporation. We find nothing in this inconsistent with these statutes, or with an intention to dissolve the corporation in accordance therewith. If these statutes are applicable, then, by virtue of the provisions of section 30 of the general corporation law, herein quoted, a stockholder may maintain an action against the trustees for a dividend which has been legally declared and set apart for his benefit. However, the dissolution agreement does not show that the provisions of section 57 of the stock corporation law have been complied with, and the appellant contends that the defendants cannot be considered trustees under the statute, but only by virtue of the agreement. It is evident, at least, that this dissolution was proceeding along lines quite similar to those prescribed by the statute, and, even if the defendants are not statutory trustees, they are nevertheless liable. They assumed the trust, and represented to the plaintiff's assignors that the condi-

tions upon which the dividends had become payable existed, and that, the money had been duly appropriated and set apart for that purpose. If the creditors have not been paid as they represented, or if for any other reason they may not be protected in making this payment, it was incumbent on them to show the facts as a defense. As against them, the plaintiff may proceed on the facts as represented by them. It follows, therefore, that the action was properly brought.

The counterclaim has been disallowed, and it appears that the plaintiff's assignors on the 17th day of August, 1900, and prior to assigning their claims to the plaintiff, contracted with the trustees for the purchase of certain real and personal property owned by the corporation, but situate in the state of New Jersey. Possession thereof was given to the purchasers on or before the 31st day of August, 1900. With reference to the execution of a bill of sale and a conveyance, the contract provided that "the company and trustees shall, whenever thereunto advised by their counsel, execute and deliver to the purchaser" a deed of the premises, containing covenants against the grantor's acts, and execute and deliver a bill of sale of the personal property. The deed was not executed and delivered until the 4th day of April, 1901, nor was the bill of sale given until the 15th day of March, 1901. Prior to the delivery of possession or the bill of sale of the personal property to plaintiff's assignors, the defendants paid taxes which were assessed against the personal property on the 15th day of April, 1900. These were embraced in the counterclaim, but it is manifest that the purchasers were not liable therefor, either in law or equity, and that point is not urged upon the appeal. After the delivery of possession of the realty to plaintiff's assignors, taxes became a lien thereon on the 1st day of September, 1900, and these were thereafter paid by the defendant prior to the execution and delivery of the deed. The amount of these taxes is also embraced in the counterclaim, and the defendant seeks to offset the same against the plaintiff's claim upon the ground that the plaintiff's assignors at the time of assigning their claims were indebted to the defendants for this amount for moneys had and received by them to the use of the corporation; and the defendants, in behalf of the corporation, claimed a lien therefor upon the debenture stock deposited with the trust company, and upon the dividends declared in behalf of the plaintiff's assignors thereon, and alleged that the dividends were appropriated in payment of this claim for taxes. We are of opinion that the counterclaim was properly dismissed. Aside from the question as to whether the plaintiff's assignors were or were not liable for these taxes, as between them and the corporation, the counterclaim was insufficient. It is not pretended that the taxes were paid at the request or by the direction of the plaintiff's assignors. One person cannot voluntarily pay another's taxes, and then recover the amount from him as for money had and received. The owner of land, as between himself and third persons, is under no obligation to pay his taxes at any particular time, and the enforcement of the payment of taxes must be left to the proper public officials. If it be claimed that, in addition to the taxes becoming a lien upon the land, the corporation was personally liable therefor—which would appear from a

statute of New Jersey to which our attention is drawn in the points, but which was not introduced in evidence, and of which we cannot take judicial notice—then the defendants should have alleged that fact as a justification for what would otherwise appear to be a voluntary payment of the taxes. The question might then have arisen whether, as between the corporation and the purchasers, the latter, on account of having the benefit of the use and occupation, were not liable for the taxes, upon the theory that, if the defendants had not paid the taxes, the plaintiff's assignors would have been obliged to accept a conveyance subject thereto, since the corporation only agreed to covenant against its own acts. But that question is not properly presented by the counterclaim, and need not be decided.

It follows, therefore, that the judgment should be affirmed, with costs. All concur.