ASA C. FULTON, ET AL. *v.* JOHN A. ALDRICH, ET AL.

January Term, 1904.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, STAFFORD, and

HASELTON, JJ.

Opinion filed February 29, 1904.

*Mortgage—Foreclosure—Taxes—Payment by Mortgagee.*

The last owner of real estate on the first day of April in any year continues liable for the taxes legally assessed thereon in that year regardless of subsequent conveyances.

Though taxes legally assessed upon real estate are a first lien thereon, such lien is not enforceable while the last owner on the first day of April in the year of such assessment has personal property from which the tax can be collected.

A tax on real estate does not become a fixed incumbrance thereon until the officer charged with the collection does some official act indicating an intention to pursue the land.

If mortgagees after foreclosure, and before the equity of redemption has expired, upon the mortagor's refusal to do so, pay the taxes assessed upon the land, and no official act has then been done to charge the land with such taxes, they act as mere volunteers, and on redemption of the land the mortgagor is not chargeable with the amount so paid.

APPEAL IN CHANCERY. Heard on demurrer to the bill at the December Term, 1903, Orange County, *Start,* Chancellor. Decree, *pro forma,* sustaining the demurrer and dismissing the bill. The orators appealed.

The bill alleged, in addition to the facts stated in the opinion, that soon after he redeemed the property, Aldrich mortgaged the same to defendant, Sarah A. Jenkins; that both she and Aldrich, prior to the execution of said mortgage, had notice that the orators had paid the taxes.

The prayer was that the defendants be decreed to pay the orators the amount of the taxes they had paid, with interest and costs, and in default thereof, that they be foreclosed from all right and equity in the mortgaged premises.

*William Batchelder* for the orators.

All persons having an interest in property subject to an incumbrance by which their interest may be prejudiced, have a right to free the property from such incumbrance by payment of the debt, and be subrogated to the rights of the creditors against the property. 2 Story Eq. Juris. § 1227; Mosier's Appeal, 56 Pa. St. 80; *Bank* v. *North,* 4 Johns. Ch. 370.

Taxes legally assessed upon land are a lien thereon. *Williams* v. *Hilbin,* 35 Me. 547; *Staples* v. *Fox,* 45 Miss. 667.

A prior mortgagee upon payment of the taxes due upon the property is subrogated to the lien of the taxes upon the premises as against the mortgagor. Jones, Mort. 1080, 1134; *Kortright* v. *Cady,* 23 Barb. 497; *Pratt* v. *Pratt,* 96 Ill. 184; *Bank* v. *Danforth,* 80 Ga. 66.

To wait until the time for paying the taxes to the town treasurer has elapsed, and the taxes have been put into the collector's hands, would mean a loss of four per cent. discount. The orators were not obliged to lose this amount. *Allen* v. *Burlington,* 45 Vt. 202; *Stowe* v. *Stowe,* 70 Vt. 609; *Sidenberg* v. *Ely,* 90 N. Y. 263; *William* v. *Townsend,* 31 N. Y. 414.

*David S. Conant* and *R. M. Harvey* for the defendants.

Under our statutes the mortgagor is owner of real estate for the purpose of taxation. *Wilson* v. *Marsh,* 34 Vt. 352, 363.

This case does not differ in principle from the case where one of several notes secured by mortgage has been left out of the decree. If it was left out voluntarily the mortgage security so far as that note is concerned is lost. *Noyes* v. *Rockwood,* 54 Vt. 647.

For taxes paid by a mortgagee after foreclosure he has no remedy. *Spencer* v. *Levering,* 8 ¦Minn. 461; *Northwestern* ¦*Mut. Ins. Co.* v. *Allis,* 23 Minn. 337; Desty, Tax. Vol. 2, 745.

Where there is no promise to pay the taxes by the mortgagor there should be no claim for subrogation. *Manning* v. *Tuthill,* 30 N. J. Eq. 29.

It does not appear that the payment of taxes was secured by the original mortgage. *Bryant* v. *Clark,* 45 Vt. 483.

MUNSON, J.  The statute requires that real estate be set in the list to the last owner thereof on the first day of April. The last owner on that day remains liable for the taxes, regardless of subsequent transfers. A mortgagor is deemed the owner for purposes of taxation until the mortgagee takes possession. V. S. 368, 369. *Pitkin* v. *Parks,* 54 Vt. 301.

Taxes legally assessed upon real estate become a first lien upon the property, but that lien is not enforceable if the owner has personal estate from which the tax can be collected. In default of personal property, the collector may extend his warrant upon any land in the State owned by the delinquent. V. S. 478, 487. A tax is held not to become a fixed incumbrance upon the land until the officer charged with the collection does some official act that indicates an intention to pursue the land. *Hutchins* v. *Moody,* 34 Vt. 433; *Cummings* v. *Holt,* 56 Vt. 384.

The orators obtained a decree of foreclosure against the defendant Aldrich, and requested him to pay the taxes assessed on the mortgaged premises, and upon his refusal to do

so made payment thereof to the treasurer in time to save the discount. This was long before the equity expired, and the defendant afterwards redeemed the property.

The bill cannot be maintained. The orators were not justified in treating the taxes as an incumbrance upon the mortgaged premises. The officer might have enforced collection upon other property of the delinquent, personal or real, and the taxes never have become a charge upon this particular estate. Nothing had been done that made the taxes a fixed incumbrance upon the land, and in paying them when they did the orators were merely volunteers.

*Decree affirmed and cause remanded.*