MELVIN B. BRYANT and Others v. NELSON-FREY COMPANY and Others.[1]

March 3, 1905.

Nos. 14,137—(201).

**Correction of Findings.**

This court will not revise findings of fact made by a trial court, to correct which no motion was made therein, where there is no bill of exceptions or settled case, nor a return purporting to contain all the proceedings and evidence.

**Same.**

Nor will it consider whether such finding of fact is sustained by the evidence, unless specifically assigned as error.

**Review on Appeal.**

The only question presented by such a record is whether or not the findings of fact sustain the conclusions of law.

**Payment of Taxes.**

Voluntary payment for a number of years of taxes on the vacant land of another, by a stranger to the title, under the mistaken belief that he had a tax deed to the land, creates no obligation on the part of the owner of the land to repay. Nor can the prepayment of such taxes be made a condition precedent to a decree of title in the record owner, based on unassailed findings of fact that no tax deed or certificate had ever been issued to the person so paying taxes.

Action in the district court for Crow Wing county to determine the adverse claims of defendants to vacant and unoccupied land. The

---

[1] Reported in 102 N. W. 859.

94 M.—20

case was tried before McClenahan, J., who found in favor of plaintiffs. From a judgment entered pursuant to the findings, defendant Nelson-Frey Company appealed. Affirmed.

*Wilson & Mercer,* for appellant.

*Alderman & Mantor,* for respondents.

JAGGARD, J.

This was an action to determine adverse claims. The plaintiffs and respondents alleged that they held the record title to certain vacant land. Defendant and appellant claimed that it owned the land through a tax deed, attached as an exhibit to its answer; that plaintiffs were estopped to assert ownership; and that, in case ownership were found in plaintiffs, a decree to that effect should be conditioned on precedent payment by plaintiffs of taxes paid by defendant, with interest. The court, hearing the case without a jury, expressly found, upon a stipulated statement of facts, that plaintiffs had record title to the land; that "no state assignment certificate or other tax certificate or deed was ever issued or made or delivered to anyone for or on account of such taxes, or the payment thereof"; and that defendant and its grantors had for many years paid taxes upon the land, which, with interest, amounted to $313.50, under the belief that the property was their own. Judgment was ordered and entered for plaintiffs, and refusing defendant all relief. Defendant moved the court to change the conclusions of law, inter alia, so as to provide for payment by plaintiffs of taxes and interest as aforesaid, as a condition precedent to relief. The court denied that motion. Defendant appealed from the judgment.

The paper book on appeal, in many respects a model of brevity, contains no testimony, and consists merely of the pleadings, the findings of fact and conclusions of law, the motion to correct conclusions of law, and order denying that motion, the judgment itself, and the usual appeal papers. The stipulation, not in the printed paper book, but in the return, attached to the judgment roll, admitted the records showing that the deed was undoubtedly void, and qualifiedly admitted the deed, so as at least to dispense with the production of the original or a certified copy, and to allow the use as such of a copy attached as an exhibit, and to allow plaintiffs to object to the introduction of the same in evidence as upon offer in an ordinary trial. After the argument here, this court, of its own motion, called attention of counsel

of both parties to the finding by the trial court that defendant had no tax deed or certificate. Thereupon counsel for defendant urged that this court should not consider the question of validity or invalidity of the deed, but should simply say that these taxes, regularly and duly assessed, and paid by defendant in good faith, must be repaid by plaintiffs before any relief should be granted, or that, if the record is held improper, this court should remand the case without prejudice to defendant's right to apply to the trial court for correction of its findings of fact.

1. It is impossible to accede to either proposition. A court of appeals passes only on questions appearing in the record, and presented to it by proper assignments of error. It will not revise findings of fact unless the record purports to contain all the evidence and proceedings before the trial court. Here there is no bill of exceptions, nor a settled case, nor any certificate that all proceedings and evidence have been returned. It does not affirmatively appear that the court did not construe the stipulation to require profert of the deed to defendant—an interpretation at least debatable—that no such profert was in fact made, and that therefore the finding in fact was not correct. The record here leaves it impossible for this court to determine or to do more than conjecture what happened on trial. No motion was made to correct any findings of fact. Under such circumstances this court will not presume that the return shows all the evidence and proceedings, and that the learned trial court was guilty of error in its findings of fact. Boright v. Springfield F. & M. Ins. Co., 34 Minn. 352, 25 N. W. 796; Stevens v. Stevens, 82 Minn. 1, 84 N. W. 457. The assignments of error wholly failed in any way, definitely or indefinitely, generally or particularly, to refer to the alleged error of the court in this finding of fact. Accordingly the invariable rule must be applied, and this court refuses to consider errors not assigned. "When the error specified is that the finding of the court below or referee is not sustained by the evidence, it shall specify particularly the finding complained of." Rule 9, subd. 3, as amended February 1, 1895 (60 Minn. v). And see City of Owatonna v. Christianson, 83 Minn. 53, 85 N. W. 909; Dunnell, Pr. § 1794; 2 Shipman, Pr. §§ 967, 968.

2. The only question before this court for determination on the merits, accordingly, is whether the trial court properly deduced its conclusions of law from the facts found. These facts show payment

for many years of taxes on vacant land by a stranger to the title, under a mistaken belief that he had title, although no deed or certificate of any kind had been delivered to him. The prepayment of taxes is properly and universally made a condition precedent to the setting aside of a tax deed or certificate, or to clearing a cloud on title cast thereby. But here a tax deed or certificate appears only in defendant's answer and in the qualified stipulation, inoperative here because of the incomplete record presented. No relief is granted with respect thereto. In legal effect, the defendant had no deed or certificate. This is therefore not at all a case involving the rights and remedies of a purchaser of an invalid tax title, and is not to be determined by the principles governing such a case. The payment operated merely as a discharge of the lien of the taxes. The money so paid is lost to the payer, in the absence of extraordinary circumstances, like prolonged and wholly uncertain litigation, during which taxes paid preserve the property for the successful litigant.

The mere voluntary performance of another's duty is not of itself the basis of an obligation. A man may not, by his own unauthorized act in paying taxes on the land of another, make that other his debtor, or acquire any lien on or equitable right in that land. Beard v. Horton, 86 Ala. 202, 5 South. 207; Iowa v. Davis, 102 Iowa, 128, 134, 71 N. W. 229; Goodnow v. Moulton, 51 Iowa, 555, 2 N. W. 395; Stryker v. Goodnow's Administrator, 123 U. S. 527, 540; Homestead Co. v. Valley Railroad, 17 Wall. 153, 166; Fulton v. Aldrich, 76 Vt. 310, 57 Atl. 108; Coles v. County of Washington, 35 Minn. 124, 128, 27 N. W. 497; Town v. Village, 106 Wis. 25, 81 N. W. 989.

On the facts here presented, there could be no recovery in a direct action against the owner of the land, even if he might have known that the taxes were paid under claim of title. Garrigan v. Knight, 47 Iowa, 525. And see Janeway v. Burn, 91 App. Div. 165, 86 N. Y. Supp. 628; Smith v. Schroeder, 15 Minn. 18 (35). Nor against county or state. Van Nest v. Sargent, 7 N. D. 139, 73 N. W. 1083; Shane v. City of St. Paul, 26 Minn. 543, 6 N. W. 349; 45 Cent. Dig. 1351, 1352, § 1001. Under the very peculiar circumstances of this case, it would be a violation of all precedent and principle to allow that to be done indirectly which could not be done directly. Shillock v. Gilbert, 23 Minn. 386; Burdick v. Bingham, 38 Minn. 482, 484, 38 N. W. 489.

Judgment affirmed.