HELEN O. GRIFFIN, Plaintiff, *v.* HERBERT T. DYETT and Others, as Trustees in Dissolution of the ROME ELECTRICAL COMPANY, Defendants.

Fourth Department, July 2, 1941.

*Michael J. Larkin* [*George B. Grow* of counsel], for the plaintiff.

*Ferris, Burgess, Hughes & Dorrance* [*Thayer Burgess* of counsel; *George H. Kenny* with him on the brief], for the defendants.

PER CURIAM. The Rome Electrical Company, a New York corporation, was dissolved on August 17, 1927, pursuant to the provisions of section 105 of the Stock Corporation Law. At the time of dissolution, the corporation had issued and outstanding 2,500 shares of common capital stock of the par value of $100 each, of which shares plaintiff owned fifty. The corporate assets available for distribution to stockholders consisted of $250,000 in cash. On October 14, 1927, the defendants — who constituted the corporate board of directors — declared a first and final dividend in dissolution on the outstanding stock in the amount of $100 a share, payable upon surrender by the respective stockholders of their stock certificates. Proper written notice thereof was given to all stockholders and shortly thereafter all except plaintiff surrendered their certificates and received the moneys to which they were entitled. Upon plaintiff's refusal to surrender her certificates and to receive the $5,000 to which she was entitled, the directors — on October 27, 1927 — deposited the funds in an interest-bearing bank account. On July 21, 1937, plaintiff surrendered her stock certificates to the defendants and received from them $5,000, upon the agreement, however, that her acceptance of the money and her surrender of the stock certificates should not prejudice any rights that she might have to $1,876.63, viz., the accumulated interest which these funds had earned.

The controversy that has been submitted for decision is whether the plaintiff is entitled to this interest or whether the defendants are thereto entitled for the purpose of distributing the same *pro rata* to all the owners of the capital stock at the time of dissolution.

We are of the opinion that plaintiff is entitled to this accumulated interest. Clearly, the other stockholders — who had surrendered their certificates and received their share of the corporate assets — had no interest whatsoever in the share to which plaintiff was entitled, and the defendants' only interest therein was that of liquidating directors intrusted with the duty of distribution thereof. Whether the defendants be designated as dissolution trustees or liquidating directors, is unimportant; their relationship to plaintiff, so far as these funds are concerned, was essentially that of trustee and *cestui que trust* (see General Corporation Law, § 29; *Security Trust Co.* v. *Pritchard*, 201 App. Div. 142, 146; *Central City Savings Bank* v. *Walker*, 66 N. Y. 424, 428; *Janeway* v. *Burn*, 91 App. Div. 165; affd., 180 N. Y. 560), and any moneys earned by the deposited funds should belong to the person who is entitled to such funds.

The submitted controversy should be determined in plaintiff's favor and judgment entered against defendants for the sum of $1,876.63, without costs.

All concur. Present — CROSBY, P. J., TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Submitted controversy determined in favor of plaintiff and judgment directed in accordance with opinion, without costs.