■ ROBERT JABLOW, as Executor of FRANK JABLOW, Deceased, Appellant-Respondent, v. JULIUS L. BALLER et al., Respondents-Appellants.— Order entered February 28, 1963, denying plaintiff's motion for summary judgment upon the first cause of action, unanimously modified upon the law, with $20 costs and disbursements to plaintiff-appellant-respondent, and motion granted to the extent of granting to plaintiff judgment thereon against the defendants for the sum of $151,583.75 with interest from February 27, 1962, and severing the action as to the second and third causes of action with the action to continue as to the same. Upon the dissolution of the Connecticut corporation, the defendants as directors thereof came into possession and held certain assets thereof as a trust fund for distribution to its stockholders. (Conn. Gen. Stat. Ann,. § 33-380, subd. [a]; cf. *Griffin* v. *Dyett*, 262 App. Div. 368, 369; *De Martini* v. *McCaldin*, 184 App. Div. 222, 225; *Central Union Trust Co.* v. *American Ry. Traffic Co.*, 198 App. Div. 303, affd. 233 N. Y. 531.) It appears that the plaintiff's testator and the defendants own all of the stock of the corporation and that the plaintiff as executor of the deceased stockholder is entitled to receive the said sum of $151,583.75 as the prorata distribution of a liquidated dividend fixed by the defendants and payable to the stockholders. Demand was duly made by plaintiff on February 27, 1962 for payment of the same, and the amount payable is not subject to any bona fide dispute or issue. The fact is that the defendants have paid the particular dividend to themselves in connection with their stockholdings in the corporation. The court in this action has jurisdiction of the parties; and the assets of the dissolved corporation, held by the defendants as trust funds for the benefit of the stockholders, are located in the State. The defendants do not properly raise the question of the necessity or propriety of the presence of the dissolved corporation as a party to this action. (See *Carruthers* v. *Waite Mining Co.*, 306 N. Y. 136.) This action is maintainable by plaintiff for recovery of his portion of the said

liquidating dividend wrongfully withheld by the defendants. (See *Schaler* v. *Feder,* 16 Misc 2d 668 [STEUER, J.], affd. 9 A D 2d 622; *Gellman* v. *Levy,* 11 A D 2d 411, 414; *Matter of Baldwin Trading Corp.,* 8 N Y 2d 144; *Janeway* v. *Burn,* 91 App. Div. 165, affd. 180 N. Y. 560.) The first cause of action sufficiently pleads a cause of action to recover such dividend, and, it appearing that there is no triable issue in this connection, the plaintiff was entitled to summary judgment for the amount of the dividend and interest. The claim is also made by plaintiff in the first cause of action for recovery of 20% of the amount withheld "as an additional allowance for expenses"; and, alleging that the refusal and withholding of payment of the same "were done with the willful intent to defraud" plaintiff's estate and "to destroy and impair the estate's special property in the assets of" the corporation, the plaintiff claims to be entitled to recover $150,000 as punitive damages. The plaintiff, however, presents no support for any recovery of an allowance for expenses. Furthermore, there is no showing whatever to sustain plaintiff's alleged claim of a misappropriation of funds or such fraud on the part of defendants as would entitle the plaintiff to recovery of punitive damages. (See Penal Law, § 1302; *Walker* v. *Sheldon,* 10 N Y 2d 401; *I. H. P. Corp.* v. *210 Central Park South Corp.,* 12 N Y 2d 329.) Therefore, there is no necessity for remission of the first cause of action for the assessment of damages. Settle order on notice. Orders entered on February 28, 1963, so far as appealed from, unanimously affirmed. No opinion. Settle order on notice fixing date for examination to proceed. Concur — Breitel, J. P., McNally, Eager, Steuer and Bastow, JJ.