### HUBBARD v. BLANCHARD.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

TAXATION—PAYMENT OF TAX OF ANOTHER—RECOVERY.

Brooklyn City Charter, Laws 1888, p. 995, c. 583, tit. 10, § 12, and Consolidated Act of the City of New York, Laws 1882, p. 239, c. 410, § 878, which provide for the recovery by one who has paid taxes of another from the person primarily liable are impliedly repealed by the Greater New York charter providing a new scheme for the assessment and collection of taxes and do not authorize a person paying a pavement assessment made in 1899 on another's premises to recover the same.

Hirschberg, P. J., dissenting.

Appeal from Trial Term, Kings County.

Action by Henry A. Hubbard against Alva P. Blanchard. From a

judgment for plaintiff, defendant appeals.    Reversed and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Augustus M. Price, for appellant.

Edward H. M. Roehr (Ralph Royall, on the brief), for respondent.

MILLER, J.    The plaintiff paid a paving assessment on the defendant's premises, supposing the assessment was against adjoining property of his wife, and, after discovering his mistake, brought this action to recover the money so paid.    It is well settled that one person cannot make himself a creditor of another by voluntarily paying his debt. Nat. Bank of Ballston Spa v. Board of Supervisors, 106 N. Y. 488, 13 N. E. 439; Flynn v. Hurd, 118 N. Y. 19, 22 N. E. 1109.    It is unnecessary to discuss the authorities in this state relied upon by the plaintiff, because they are all cases in which it was sought to recover from the person to whom the money was paid on the theory of mistake of fact, or where the rule of subrogation or contribution applied.    The respondent, however, relies upon the provisions of two statutes (section 12, tit. 10, of the charter of the city of Brooklyn [Laws 1888, p. 995, c. 583], and section 878 of the consolidation act of the city of New York [Laws 1882, p. 239, c. 410]), which respectively provide for the recovery by a person, who has paid taxes of another, from the person primarily liable; and although the assessment in question was made in 1899, the respondent claims that said provisions of the Brooklyn charter and of the consolidation act are both applicable and have not been repealed.    The Greater New York charter provided a new scheme for the assessment and collection of taxes differing from the systems in force in the several municipalities consolidated into the greater city, at least so far as administrative features were concerned; and the subject-matter was so completely and exhaustively dealt with by said charter as to leave no room for doubt that it was intended to furnish the law upon the subject, and by necessary implication to repeal the provisions of the earlier charters dealing with the same subject.    It is unnecessary, therefore, to construe said earlier provisions, or to discuss the interesting question respecting the extent, if any, in which the provisions of earlier charters have survived the charter of the greater city.

The judgment must be reversed, and a new trial granted; costs to abide the event.    All concur, except HIRSCHBERG, P. J., who dissents.