AMERICAN RAILWAY EXPRESS COMPANY, Plaintiff, *v.* HARRY HEILBRUNN and ROBERT J. HEILBRUNN, Defendants.

Supreme Court, Monroe Special Term, April, 1923.

Carriers — consignee liable for duties imposed after entry of goods — express company cannot recover from consignee amount of duties paid by it.

Merchandise received by plaintiff at Montreal, Canada, consigned to the defendant at Rochester, N. Y., was duly transported, delivered to and accepted by the consignees. Thereafter the United States assessed a duty upon the merchandise and plaintiff upon demand paid the amount of such duty to the United States customs authorities. *Held,* that the goods having been admitted without the payment of duty the consignee and not the carrier was liable for the duties thereafter imposed.

The plaintiff by paying the duty without any legal obligation to do so was a mere volunteer and not entitled to recover from the defendants the amount so paid, and a motion to dismiss the complaint upon the ground that it did not state a cause of action will be granted with leave to plaintiff to plead over.

MOTION by defendants to dismiss complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

*Edward Lynn,* for plaintiff.

*Wile, Oviatt & Gilman,* for defendants.

CUNNINGHAM, J. It appears by the complaint that plaintiff received merchandise at Montreal, Canada, consigned to defendants at Rochester, N. Y.; that the merchandise was duly transported from Canada to Rochester, N. Y., and delivered to and accepted by defendants; that after the delivery and acceptance the United States assessed a duty upon the merchandise and demanded of plaintiff that it pay the amount of such duty, and that plaintiff did pay it to the United States customs authorities.

The defendants by accepting the merchandise made themselves liable for the transportation charges. *Pennsylvania R. R. Co.* v. *Titus,* 216 N. Y. 17; *N. Y. C. R. R. Co.* v. *Ross Lumber Co.,* 234 id. 261; *N. Y. C. R. R. Co.* v. *Fed. Sugar Refining Co,* 235 id. 182.

If the plaintiff, while in possession of the goods, had paid the duty upon them in order to prevent them being stopped at the point of entry and held by the government officials, it would have had the right to collect the amount so paid from defendants. *Wabash R. R. Co.* v. *Pearce,* 192 U. S. 179. However, when the goods had passed the point of entry and had been admitted to the United States without the payment of duty, the consignee and not the carrier was liable for the duties thereafter imposed upon such goods and payment therefor could not be exacted from the carrier. *United States* v. *Wells-Fargo Co.,* 271 Fed. Rep. 180.

It is alleged in the complaint " that plaintiff was compelled to pay and did pay the said amount to the United States Customs authorities." This is a conclusion of law and is not a correct statement of the law if based upon the assumption that an obligation to pay arose from the fact that it was the carrier that brought the goods into the United States. If the plaintiff, in order to facilitate transportation and for the benefit of the defendants, promised the customs authorities to pay the duty, if it was thereafter decided that the goods were dutiable, then the plaintiff might be entitled to recover the amount paid in accordance with such promise. *Davies* v. *Buswell,* 13 Wkly. Dig. 430. However, upon the facts alleged in the complaint the plaintiff was not obligated to pay the duty upon these goods. It was a debt owing by defendants to the United States and the plaintiff by paying it without any legal obligation to do so was a mere volunteer and cannot recover from the defendants. *Janeway* v. *Burn,* 91 App. Div. 165; affd., 180 N. Y. 560; *Hubbard* v. *Blanchard,* 113 App. Div. 788.

Motion granted, with ten dollars costs, with leave to plaintiff to plead over within twenty days upon payment of motion costs.

Ordered accordingly.